# Debozear *versus* Butler.

1. Where a tenant has acquired the title, after the commencement of the lease, from the lessor himself, by *descent, deed,* or *will,* the relation of landlord and tenant is at an end, and the summary remedy to obtain possession no longer applies.

2. If a tenant claims the premises by contract with his landlord, since the commencement of the lease, he must show either a conveyance executed, or such an equitable right to one, as will sustain a bill for a specific performance in a court of chancery.

ERROR to the Court of Common Pleas of *Philadelphia county.*

On the 5th of February, 1853, Franklin Butler made complaint on oath before Aldermen George Geyer and Robert Buckman, that James Peters, being seised of certain premises, had demised them to Lewis Debozear, on the 1st of November, 1851, for one year thereafter; that during that year Peters sold the premises to the complainant; that after the expiration of the year, he had given three months' notice to Debozear, and that the notice had not been complied with; that he still held over, &c. A summons was issued.

At the time designated in the process, the parties appeared

VOL. II.—27

[Debozear *v.* Butler.]

before the aldermen and jury; Debozear made allegation under oath, "that the title to the lands and tenements in question, in said complaint, and the proceeding thereupon instituted by and before the said aldermen, is disputed and claimed by some other person than the said Franklin Butler, or the said James Peters, (to wit, by this deponent, Lewis Debozear,) in virtue of a right accrued since the commencement of the lease or demise made to him by said Peters, and under, and by a certain agreement in writing by said Peters duly subscribed, wherein and whereby he, the said Peters, sold the said premises to deponent, with an understanding that the deed therefor should be afterwards made upon the performance of certain matters; this deponent hath well and truly kept his agreements in the premises, and offered to complete the transaction, but the said James Peters hath unjustly and fraudulently refused to execute a deed for said premises to this deponent, and covinously executed a deed therefor to said Butler, upon a pretended consideration, *with a design to delay*, and defraud deponent out of the right to, *and possession* of the said premises, and these proceedings are instituted, as deponent verily believes, in furtherance of said unlawful design." And prays that in accordance with the Act of Assembly of 21st March, 1772, and the laws of this Commonwealth, the said justices shall forbear to give judgment in favor of the said complainant, and shall stay proceedings in the matter of said complaint, &c., hereby, however, not in any manner conceding that the statements of the complainant in his said complaint set forth, are true or correctly stated.

The aldermen disregarded the application, and rendered judgment for the complainant, whereupon the defendant removed the proceedings to the Court of Common Pleas of Philadelphia, by *certiorari*, which court, after argument, delivered the following opinion, and dismissed the *certiorari*.

"Upon the hearing of a complaint before two aldermen, made by the plaintiff, assignee of the former landlord, against the defendant, his tenant, to obtain possession of the demised premises, the lease having expired, the defendant presented his own affidavit, and offered to enter into a recognizance under the provisions of the 13th section of the Act of 1772. The affidavit avers that the title to the lands and tenements in question, is disputed and claimed by him, (the said tenant,) in virtue of a right accrued since the commencement of the lease, under a certain agreement made between James Peters, his former landlord, and himself, by which the said premises were sold to him, that he had performed his part of the said agreement, but that Peters had refused to convey the premises to him, and had conveyed them, by deed, to the present plaintiff. The question is, whether the affidavit so presented is sufficient to require the

[*Debozear v. Butler.*]

aldermen to forbear to give judgment. The well-settled rule is, that a person in possession of premises, shall not be permitted to call in question the title of the landlord under whom he enters. He must first give up the possession, and if he have a better title, he may recover in another suit. *Thompson* v. *Clark*, 6 Binn. 62; 7 Barr, 62; 6 Id. 163.

"The Act of 1772, appears to recognize this established rule, as it provides that, if the tenant shall allege that the title is disputed and claimed by some *other* person or persons whom he shall name, such *other* person appearing, making oath, and becoming bound by recognizance, in the manner therein specified, the justices shall forbear to give judgment. It is also required that the right or title of such claimant shall have accrued since the commencement of the lease, by descent, deed, or from or under the last will of the lessor.

"It was not the intention of the act to supersede the common law action of ejectment, where a tenant claimed adversely to his landlord's title. This would be an encouragement to a fraudulent tenant to acquire and set up pretended titles, in order to retain his possession. Where the original landlord or his assigns claim the possession upon the expiration of the lease, and denies the existence of any conveyance made to the tenant since the commencement of the lease, the tenant certainly cannot claim the right to an appeal to court in this summary proceeding, and therein to try, in effect, his own title as plaintiff in a summary ejectment, while he continues to hold the possession of the premises in dispute. In *Cunningham* v. *Gardner*, 4 W. & S. 120, it is said, that the law only gives the appeal to a third person, claiming by descent, or purchase, or devise from the lessor since the date of the lease; and although the judge delivering the opinion, adds, 'I will not say that a tenant who has purchased from his lessor, or to whom the title has descended or been devised, can be turned out under this law; but only in such case can a tenant withdraw the cause. It could never have been intended that the tenant, by an affidavit stating the existence of a contract, merely, for the purchase of the premises, which contract he further states, the landlord refuses to perform, and denies that any right under it has accrued to the tenant, should be authorized to retain the possession until he can test the validity of such contract. The law seems carefully to provide against such a course, and we think the aldermen properly disregarded the affidavit."

*Certiorari* dismissed.

The dismissing of the exceptions and *certiorari*, and affirming the judgment of the aldermen, is the error assigned.

*Guillou*, for plaintiff in error.—The Act of Assembly was in-

HARVARD LAW SCHOOL LIBRARY

[Debozear *v*. Butler.]

tended to facilitate the re-entry of landlords into possession of their property, to prevent their unjust exclusion, by the setting up of fictitious titles, &c., but was never intended to encourage such unjust proceedings, as those of Peters and Butler in this case.

Upon an agreement to convey realty, on the performance of certain acts, the vendee being ready, and tendering performance, may support ejectment; an equitable action of ejectment being in the nature of a bill to compel specific performance. *Magaw* v. *Lathrop*, 4 W. & S. 316; *Youst* v. *Martin*, 3 S. & R. 431; *Peebles* v. *Reading*, 8 Id. 497; *Moody* v. *Vandike*, 4 Bin. 41.

Debozear had such an equity as would support ejectment.

The Act of 1772, does not require him to yield possession; he may set up his defence before the aldermen, and defeat the landlord's recovery. If it were not so, a landlord might receive complete payment for his property on a sale to his tenant, and even execute a deed to him for it, and, after the tenant has improved the premises, expel him. *Cunningham* v. *Gardner*, 4 W. & S. 126; *Ayres* v. *Norringer*, 8 Barr, 413.

————, for defendant in error.

The opinion of the court was delivered January 14, 1854, by

LEWIS, J.—In *Brown* v. *Gray*, 5 Watts, 20, on a proceeding by a purchaser at sheriff's sale to obtain possession, it was held, that "the allegation of a sale by the complainant's grantor, to one of the respondents," was not within the exceptions in the statute, on the allegation of which the proceedings before the two justices were to be suspended. In *Cress* v. *Righter*, decided in April last, a similar decision, that the allegation of a defendant in the execution that he holds under the complainant, by a contract of sale and purchase, will not avail him, was affirmed by this court. The last mentioned case was decided by the justices, on the authority of *Brown* v. *Gray*, which was cited in their opinion; and the chief justice, in affirming the judgment, stated that "the construction of the Act of Assembly which they gave, is what we think the true one." The cases cited are upon the Act of Assembly, which authorizes purchasers at sheriff's sale to institute summary proceedings to obtain possession. The case before us is under the act giving a similar remedy to a landlord, when his tenant holds over. In the latter case, the proceedings before the justices are to be suspended, if the tenant shall allege that "the title is disputed and claimed by some *other* person or persons, whom he shall name, by virtue of a right or title accrued or happening since the commencement of the lease, by *descent, deed*, or from or under the last *will* of the lessor." The letter of the act is against permitting the tenant himself to re-

tain possession, even by virtue of a perfect title from the lessor; but this is not according to its equity and meaning. Every statute should have a reasonable construction, and where the relation of landlord and tenant is completely dissolved, after the commencement of the lease, either by the act of the parties or the act of the law, the justices ought not to proceed as if that relation continued to exist. Where the tenant has acquired the title, after the commencement of the lease, from the lessor himself, by *descent, deed* or *will*, the relation of landlord and tenant is at an end, and the summary remedy to obtain possession no longer applies. But in the case before us, no such allegation is made by the tenant. He does not pretend that he claims the premises either by *descent, deed*, or *will*. He claims under "an agreement in writing," "subscribed" by the landlord, by which the latter "sold the premises to the deponent, *with an understanding* that the deed should be afterwards made upon the performance of *certain matters.*" He alleges that he has "well and truly kept his agreements in the premises, and offered to complete the transaction, but the said James Peters hath unjustly and fraudulently refused to execute a deed," &c. Now it seems clear, that if a tenant cannot allege a "descent," cast, a "deed" or a "will," he ought to set forth matter sufficient to satisfy a court of equity that he is entitled to a conveyance from the lessor. He should set forth the terms of the contract, and the manner in which he has performed or offered to perform. The terms of the "agreement in *writing*" are not stated. Whether the sale was for a consideration, so as to be binding, does not appear. Whether it was executed according to the Statute of Frauds, so as to affect the title, is not made manifest. For aught that appears, it may have been without consideration; or the terms may have been so imperfectly stated, that it cannot and ought not to be enforced. It is highly probable that this is, in fact, the case, for the affidavit does not rely altogether upon the written agreement. On the contrary, he sets forth a collateral "*understanding*," which is not alleged to be in writing, by which "a deed was afterwards to be made *upon the performance of certain matters.*" That understanding not being in writing, is insufficient to pass an interest in the land, unless circumstances appear to take the case out of the statute; and none such are alleged. But what was the consideration? "Certain matters." What matters? The tenant has not condescended to inform us. This is entirely too vague a statement to entitle the tenant to a decree for a conveyance. If demurred to, or admitted by answer, no decree could be made for specific performance. A chancellor would be entirely unable to determine what matters were to be performed by the party claiming under the conveyance, and equally unable to say that

[Weaver *v.* Stone et al.]

the agreement was taken out of the Statute of Frauds. It is not necessary, at present, to decide that a title to go into equity, and demand a conveyance from the landlord, is sufficient to assert the summary proceedings before the justices. All that the case requires us to say is, that if the tenant claims the premises by contract with his landlord, since the commencement of the lease, he must show either a conveyance executed, or such an equitable right to one, as would sustain a bill for specific performance in a court of chancery. The plaintiff in error has shown neither, and the judgment is, therefore, to be affirmed.

Judgment affirmed.