## COX *v.* GRAHAM.

A defendant cannot have a suit before a justice of the peace, dismissed, on the ground that he has filed an answer, which raises the question of title to real estate.

The answer or plea of the defendant, is not the test of the jurisdiction of the justice.

Should it be made to appear on the trial, that the title to real estate is involved, that fact may operate to transfer the cause to the District Court, but not to dismiss the case.

Where in an action on a promissory note, commenced before a justice of the peace, the defendant answered under oath, averring that the note was given in consideration of an interest which the plaintiff fraudulently professed to have, in and to certain town lots therein mentioned: that plaintiff made a quit-claim deed therefor: that the representations of plaintiff were false and fraudulent: that he had no title; and that the consideration of the note had therefore failed, to which the plaintiff replied; and where the defendant then moved to dismiss the cause, for the reason that the title to real estate was involved, which motion being overruled, the defendant withdrew any further appearance, and judgment was rendered against him for the amount of the note and interest; and where the cause was taken to the District Court by writ of error, where the judgment of the justice was affirmed; and where the transcript from the District Court, after stating the names of the parties, and the nature of the case, contained this entry: "Judgment below affirmed;" *Held*, 1. That the justice did not err in overruling the motion to dismiss the cause; 2. That the defendant by withdrawing from the case, after his motion to dismiss was overruled, virtually withdrew his answer, and that there was no error in rendering judgment against him; 3. That although the judgment rendered in the District Court, is deficient in form, it neither increased or diminished the liability of the defendant, and is a defect of which he cannot complain.

### *Appeal from the Lee District Court.*

THIS action was commenced before a justice of the peace, to recover an amount claimed to be due on a promissory note. Defendant answered under oath, setting up that said note was given in consideration of an interest which the plaintiff fraudulently professed to have, in and to certain town lots therein mentioned; that plaintiff made a quit-claim deed therefor; that the representations of plaintiff were false and fraudulent; that he had no title; and that the consideration

had therefore failed. This answer was under oath, and called for a sworn reply. The docket of the justice contains the following entry ; "defendant filed a written plea, which the plaintiff answered." The defendant then moved to *dismiss* the case, for want of jurisdiction, for the reason that the title to real estate was involved, which was overruled; and thereupon he withdrew any further appearance. Judgment was then rendered in favor of plaintiff, for the amount of the note and interest. Defendant sued out a writ of error from the District Court, setting forth in his affidavit, the errors in the proceedings of the justice, on which he relied. On the hearing in the District Court, the judgment of the justice was affirmed, and defendant appeals to this court. The errors complained of, as stated in the affidavit filed as the basis of the writ in the court below, will sufficiently appear from the opinion of the court.

*F. Semple,* for the appellant.

*Marshall & Moss,* for the appellee.

WRIGHT, C. J.—It is first objected that the justice erred in not dismissing the case. To this it is answered, that the justice had jurisdiction; that the title to real estate was not involved; and if it was, the question was made by defendant's pleading; and that he could not by his own pleading, raise the issue so as to oust the justice of jurisdiction. Whatever other effect the filing of such an answer might have (granting that the title to real estate was raised thereby), we are clear that defendant could not ask to have a cause *dismissed,* for any such reason. The Code, § 2262, inhibits justices from taking jurisdiction in cases where the question of title to real estate may arise. By §§ 2287, 2288, it is provided, that if in actions of trespass, the *defendant* justifies by pleading title, the justice shall make an entry thereof on his docket, and return a transcript of his proceedings and the original papers, to the District Court, as in cases of appeals. And if on the trial of any case, it appears from the

*plaintiff's* own showing, that the determination of the action will involve the decision of a question of title to real estate, the action must be dismissed. No provision is made, however, for a class of cases like the one before us, where the *defendant*, by his pleadings, presents an issue which may render it necessary to determine a question of title. And at present it is unnecessary that we should do more than decide, that he cannot, by raising such an issue, ask to have a case *dismissed*. If he can, by pleading under oath, so he can by pleading in the usual manner, whether in writing or orally. To permit this result to follow as a legal consequence, whenever a defendant might raise such a question by his answer, would be the means of allowing any defendant to oust the jurisdiction of the justice, in any and every case that might be brought. The defendant's pleadings should not be the test of jurisdiction in this respect. But should he make it appear on the trial, that the question does in fact arise, it might operate to transfer the cause to the District Court, but not to dismiss the case. As already stated, there is no express provision of the Code regulating the practice in such cases, but we think the course above indicated, in accordance with the reason and spirit of the law. In this ruling, therefore, the justice did not err.

It is next objected, that the justice erred in rendering judgment for plaintiff, inasmuch as the defendant's sworn answer, containing a substantial defence, was not denied by plaintiff. We think a complete answer to this objection, is, that the return of the justice shows, that defendants withdrew from the case, after his motion to dismiss was overruled. By this, we understand, that he designed to abide by his motion, and make no further appearance or defence. If so, his answer was virtually withdrawn, and there was no error in the judgment in this respect. It is finally objected, that the District Court erred, in rendering a simple judgment of affirmance. The transcript states the names of the parties, and the nature of the case, and then follows this entry: "Judgment below affirmed." The Code provides that in such cases, the District Court may render final judgment, or remand the cause to

the justice. There is no reason shown for having the case remanded, nor does the court appear to have designed to so order. As a final judgment, it is certainly deficient in form. But it is a defect of which appellant cannot complain. Such defect in no manner increases his liability, or takes from him any right. If not a judgment, decision, or order, then his appeal must be dismissed, for in that event this court would have no jurisdiction.

Judgment affirmed.