## SWEEK *v.* GALBREATH.

JUSTICES' COURTS.—JURISDICTION.—If title to real property comes in question in a trial in justice's court by defense or plea, such court is ousted of its jurisdiction.

APPEAL from Washington County.

*T. H. Tongue*, for appellant.

*W. D. Fenton*, for respondent.

By the Court, THAYER, J., on motion for re-hearing:

When the decision was made in this case, in which a re

hearing is now sought to be had, I was very strongly impressed with the belief that, where a party to an action in a justice's court was compelled, in order to maintain the action or a defense thereto, to prove title to real property, he would, if plaintiff, fail to establish his case, and, if defendant, be precluded from proving his defense. The jurisdiction of a justice's court does not extend to an action in which the title to real property comes in question; and I believed that the party who would have to give evidence of title in order to sustain a complaint on the one hand, or a defense on the other, would be the unfortunate party in the case. Thus, if A were to sue B for a trespass upon land that was unoccupied, or in the possession of a third person, and his complaint were denied by B, he would fail in his action for the reason that he could not prove his cause of action, without introducing evidence of his title to the realty. Upon the other hand, if A were in possession of the real property, in fact, and B, in order to maintain an affirmative defense, were compelled to allege and prove facts that would raise the question of title, he would fail in his defense. That a court of a justice of the peace has jurisdiction of an ordinary trespass to real property, there can be no doubt. Injuries to the possession of an occupant of land is an ordinary subject of the jurisdiction of that court, and I could discover no other reasonable solution of the question. The case of *Cox* v. *Graham*, 3 Iowa, 347, seems to support this view. But since the motion for a re-hearing has been filed, my attention has been called to the decision of the Indiana courts upon a similar statute to ours, which holds that if title comes in question by defense or plea, the justice is ousted of his jurisdiction. (*Parker* v. *Bussell*, 3 Blackf. [Ind.] 411.) And as the legislative assembly

has, since our first decision, passed an act providing for the transfer of the case from the justice's to the circuit court, when title to real property shall come in question, and which will obviate any future embarrassment from that source, I feel inclined to change my first view and hold that neither the circuit court, nor the justice, had any jurisdiction in the action. I am not fully satisfied with that construction of the statute relating to the matter, but my associates are of the opinion that it is the correct interpretation of it, and through deference to them, and influenced by the circumstances referred to, I have been induced to make the change.

The former decision will therefore be modified as follows: the decision of the circuit court will be reversed and the case be remanded to that court with directions to dismiss it for the want of jurisdiction of the justice's court, or of that court on appeal, to try it.