# Mohan *versus* Butler.

1. In proceedings under the Act of April 3d, 1830, to obtain possession of demised premises for non-payment of rent, the jurisdiction of the magistrate, and of the Court of Common Pleas on appeal, is ousted in every case where it appears by the evidence that a question of title arises between the party charged as tenant and the party claiming as landlord.

2. This applies, however, only to the proceedings under the Act of April 3d, 1830. The Acts of March 21st, 1775, June 16th, 1836, and December 14th, 1863, provide remedies which are applied under other circumstances and for other purposes, and their provisions are different.

3. Where, in a proceeding under said Act of 1830, the lessee claims to have the lessor's title by parol purchase from him, and the payment of

[Mohan v. Butler.]

rent is resisted on that ground, the jurisdiction of the magistrate and of the Court of Common Pleas on appeal is at an end. The lessee is entitled to have his rights determined in an action of ejectment.

4. Where no exception is taken, at the time, to the manner in which a question of law is reserved, or to the facts assumed out of which the question of law is supposed to arise, one cannot be permitted afterwards to say that the facts ought to have been submitted to the jury.

April 21st, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Schuylkill county :* Of January Term, 1886, No. 303.

This was an action brought by Terrence Mohan, as landlord, against James Butler, as tenant, under the Act of April 3d, 1830, before T. D. Brennan, justice of the peace. The justice gave judgment for the plaintiff. The defendant thereupon appealed to the Court of Common Pleas. The transcript of the proceedings before the justice stood as the declaration to which the defendant pleaded *non demisit,* no rent in arrear.

The following is the case as it appeared on the trial before GREEN, J. :

James Butler purchased a house and lot of ground situate in the borough of Minersville, from John Mohan, and paid him on account of the purchase money $545. Afterwards the property was sold by the sheriff as the property of Butler, upon an execution issued upon a judgment in favor of third parties, entered subsequent to the making of said payments on account of purchase money, and Terrence Mohan, plaintiff in error, having from his brother, the said John Mohan, an assignment of the claim for balance of purchase money due by Butler, he, plaintiff in error, became the purchaser of the property at the sheriff's sale.

After the sheriff's sale Terrence Mohan verbally agreed to sell the property to James Butler for the amount of said balance of purchase and the amount of a store bill due him, and agreed that Butler should continue to pay him for the property as he could, the same as he had paid his brother, John Mohan. Butler held the exclusive possession of the property, and made some fifteen or twenty different payments on account of the purchase money, as he alleged, to Mohan, and took his receipts in writing showing such payments. The money thus paid and credited amounted to about $265, and extended through a period of several years. Upon the trial both Mohan and Butler testified to and admitted having made said agreement of sale and purchase of the property, and substantially agreed, in their evidence, as to the amount paid by Butler to Mohan on account of the purchase money, the only

substantial difference between them being on the question as to whether or not Butler had ever been the tenant of Mohan. Mohan testified that he had rented the property at $6 per month to Butler right after the sheriff's sale, and that Butler was his tenant, and paid rent for some months after the sheriff's sale, and prior to the making of said verbal sale. He also testified that he had agreed to give Butler credit for the rent thus paid as if it had been paid on the purchase money of the property in pursuance of the verbal sale. Butler testified that he never had agreed to rent the property and had never paid rent, but that he was the purchaser of it, and that all his payments were for purchase money.

On the trial plaintiff in error pleaded the statute of frauds, and contended that the verbal agreement was not binding upon him, and that it was void, and therefore that Butler was his tenant.

The defendant presented, *inter alia*, the following point:

3. The plaintiff having entered into a parol agreement of sale of the premises in dispute, and having received a large number of payments on account extending through a long period of time, and the defendant having had the exclusive possession of the premises from the time of such sale, and holding under it, as shown by the evidence, and having treated the lease testified to by plaintiff as at an end, and no claim of rent having been made under it for a number of years, as shown by the evidence, the pleading of the statute of frauds at this late day would not revive the tenancy, nor entitle the plaintiff to proceed, under the Act of 1830, to dispossess the defendant for non-payment of rent. The plaintiff's only remedy is in ejectment, and your verdict must be for the defendant.

Ans. This point we decline to affirm, but we say, as the facts stated in this point are uncontradicted, and clearly shown by the evidence, that we shall reserve as a question of law, to be hereafter decided, whether judgment ought not to be entered for the defendant on the facts so stated.

Verdict for the plaintiff for the premises in dispute, and that there was rent due and unpaid in the sum of $75.70.

The defendant moved for judgment, *non obstante veredicto*, on the point of law reserved. After hearing, the court directed judgment to be entered in favor of the defendant, *non obstante veredicto*, GREEN, J., filing the following opinion:

The defendant's third point raised the question of law on which the rule for judgment for defendant, *non obstante veredicto*, was granted. The facts stated in the point set forth that Butler, who had been previously the tenant of Mohan at a rental of $6 per month, had verbally agreed with Mohan for

[Mohan v. Butler.]

the purchase of the property for the amount of the money that Mohan had in the property, and in the unpaid indebtedness of Butler to Mohan in addition, that Butler made various payments, on account of the house, to Mohan from July, 1881, to September, 1883, and that the tenancy was thereby terminated by the act of the parties.

If it is true that the relation of landlord and tenant did not exist at the institution of these proceedings to recover possession, under the Act of 1830, for non-payment of rent, the verdict must be for defendant. The Act requires the justice to find a demise for a certain term, reserving rent. Plaintiff does not deny the agreement for the sale of the property and the payments made under it, but claims that, under the Statute of Frauds, the agreement of sale was not binding because it was not in writing and that he may disavow it, and that the effect of such a disavowal would be to revive the lease under which Butler held. Such a result might possibly follow, or rather the relation of landlord and tenant never was changed, if the agreement was entirely void. But such is not the fact. By the agreement of sale the tenancy came to an end and the tenant acquired a different estate. This estate, so far as its duration was concerned, was only an estate at will; but having acquired such an estate it is evident that the mere disavowal of the vendor cannot have the effect of altering the nature of the estate, and of changing it into a tenancy under the original lease. By the Statute of Frauds re-enacted in this State, 21st March, 1772 (Pur. Dig., 830), all such conveyances made by parol, and not put in writing, shall have the force and effect of estates at will only, and no other or greater effect.

It follows that the defendant was no longer the tenant of the plaintiff at a certain rent, and that the plaintiff could not proceed, under the Act of 1830, to dispossess him for the non-payment of rent. We must, therefore, direct judgment to be entered in favor of the defendant, *non obstante veredicto*, upon the reserved point, and it is so ordered.

..Judgment was accordingly entered in favor of the defendant, *non obstante veredicto*, whereupon the plaintiff took this writ, assigning for error the entering of said judgment.

*P. M. Dunn* and *Seth W. Geer*, for plaintiff in error.—We start with the undisputed proposition that the relation of landlord and tenant existed between the plaintiff and defendant prior to the verbal agreement between them for the sale of the property.

Was that relation terminated by the verbal agreement?

2 AMERMAN—38

The agreement was void, and therefore could not have any effect on the relations that existed when it was made.

In Brown on the Statute of Frauds and Perjuries, sec. 477, it is said that " the continued holding in such case is naturally and properly referable to the old tenancy."

In Debozear *v.* Butler, 2 Gr., 417, the Supreme Court said: "If the tenant claims the premises by contract with his landlord since the commencement of the lease, he must show a conveyance executed, or such an equitable right to one as would sustain a bill for specific performance in a court of chancery."

In Koontz *v.* Hammond, 62 Pa. St., 181, it is said that the tenant may set up any defence which he could in ejectment by his lessor; that his title had expired by his own act or by act of law ; or that the lease had been accepted by fraud and misrepresentation which would show there was no tenancy.

How may a tenancy be terminated ? Of the various modes by which a tenancy may be terminated we will speak only of merger and surrender. The relation of landlord and tenant that existed between the plaintiff and defendant, prior to the verbal agreement, was not terminated by merger, for that is where " a greater and a less estate become united in the same person, when a tenant for years, or from year to year, purchases the landlord's reversion": 2 Bl. Com., 177.

The tenancy was not terminated by surrender, for that is " the yielding up of an estate for life, or years, to him that has the immediate reversion or remainder, wherein the particular estate may become extinct by mutual agreement between them ": Taylor on Landlord and Tenant, sec., 507; Schieffelin *v.* Carpenter, 15 Wend., 400.

The Act of 21st April, 1772, St. Laws, 389, provides that no lease for term of years shall be surrendered unless by deed or note in writing.

In Auer *v.* Penn., 3 Out., 370, it is said that " a surrender of demised premises by the tenant during a term in order to be effectual to release the lessee from liability to pay rent, must be accepted by the lessor, and the burden of proof is upon the lessee to prove such acceptance."

Among the facts to be found by the jury in proceedings under the Act of 1830 are " that the lessor has demised the premises, for a term of years or otherwise, whereof any rent or rents have been reserved": Pur. Dig., 1020. These facts the learned judge submitted to the jury to pass upon, and after the jury had done so, and determined the facts by their verdict, the learned judge disregarded the verdict of the jury passed upon the facts, and finds a different state of facts. In this the learned judge fell into error, for he had no power to

[Mohan v. Butler.]

reserve a fact which the jury were required to pass upon. It was not a question of law whether the relation of landlord and tenant existed, under which "any rent or rents were reserved." It was a question of fact. Now this court has so well established the rule in this respect that argument is not necessary. The case of Clark & Thaw v. Wilder, 25 Pa. St., 314, decides "that a verdict for a specified sum, subject to the opinion of the court whether the plaintiffs upon the whole case are entitled to recover, does not present such a point reserved as would authorize the court to enter a judgment for the defendant *non obstante veredicto*. To authorize such a judgment the facts must be admitted of record or found by the jury."

To the same effect are the cases of Irwin v. Wickersham, and Wilson et al. v. Steamboat Tuscarora, reported in the same book on pp. 316 and 317 respectively. In the latter case we read the following language: "The jury found a single fact and on that gave a verdict for plaintiff. The court found other facts, and thereupon disregarded the conclusions of the jury and gave judgment for the defendant. Neither we nor the judge who tried the case below have any authority whatever to do such things."

This doctrine is confirmed in the case of Winchester v. Davis, 54 Pa. St., 510, where it is said that "in order to enter such judgment (*non obstante veredicto*) the judge below cannot himself draw conclusions of fact from the evidence; these are to be determined by a jury or agreement of the parties."

*David A. Jones*, for defendant in error.—Plaintiff in error contends that the record does not show admitted or ascertained facts upon which judgment could have been entered in favor of defendant upon the point reserved. The facts are fully stated in defendant's third point, and the court in answering it and reserving the question of law upon it, said "the facts stated in this point are uncontradicted and clearly shown by the evidence." No objection was made or exception taken to this statement of facts at the time by the plaintiff in error, and it is now too late for him to do so. The facts as stated were acquiesced in and assented to, and moreover were sworn to by plaintiff in error himself, and he cannot controvert them now: Insurance Co. of Pa. v. Phœnix Ins. Co., 71 Pa. St., 31; Koons v. Western Union Tel. Co., 102 Pa. St., 169.

The parol sale thus shown created in defendant an estate which, if within the Statute of Frauds, was, under its first section, an estate at will: Purdon's Digest, p. 830, pl. 1. This estate at will was so far binding on defendant that he could not rescind it so as to recover back the purchase money paid by him in case the vendor was ready and willing to fulfil it:

Hathaway *v.* Hodge, 1 Central Reporter, 339. Vendee could maintain an action for damage for a breach of it: Sands *et al. v.* Arthur, 84 Pa. St., 481; Bowser *v.* Cesna, 62 Id., 148. A parol sale of land is not absolutely void as argued by the plaintiff in error. The statute may be pleaded, or its protection may be waived by the parties to it: Brown on the Statute of Frauds, §§ 115 and 135.

The estate at will was entirely inconsistent with the tenancy from month to month at $6 per month, which plaintiff contends existed before the making of the sale of the property. Moreover, the plaintiff recognized the agreement of sale, received numerous payments on account of the purchase money upon it, and defendant held the property under the purchase for several years. Furthermore, plaintiff treated the lease as at an end and made no claim under it for all this time, and he cannot now, by merely disavowing the contract of sale and setting up the protection of the Statute of Frauds, make a tenant of defendant in error, who has always stoutly maintained that he has held, and still holds, the property under the purchase. There is no allegation of an agreement by which the old tenancy could be revived or by which a new tenancy was created. What right, therefore, could plaintiff have to proceed to dispossess defendant for non-payment of rent?

The vendor seeking the protection of the statute of frauds must pursue some other remedy for the possession of the property, and if the parol sale is then found to be within the provisions of the statute, vendee can receive compensation for purchase money paid and improvements made.

Mr. Justice CLARK delivered the opinion of the court, May 3d, 1886.

The error assigned in this case, is that judgment was entered for the defendant, *non obstante veredicto*, upon the question of law reserved in the answer of the court, to the defendant's third point. In the determination of this question, we must assume the facts to be as they are in the point stated. No exception was taken to the manner in which the question was reserved, or to the facts assumed, out of which the question of law is supposed to arise; the parties are therefore conclusively presumed to have acquiesced in the facts as stated in the point, and assented to the reservation as made. A party, not objecting at the time of the reservation, cannot be permitted afterwards to say that the facts ought to have been submitted to the jury: Insurance Co. *v.* Phœnix Co., 71 Penn. St., 31; Koons *v.* Western Union Tel. Co., 102 Penn. St., 164. This is a proceeding in form by a landlord against his ten-

[Mohan v. Butler.]

ant, under the Act of 3d April, 1830, to obtain possession of
the premises demised, for non-payment of rent. In Clark v.
Eberley, 8 W. & S., 226, it was held, that in a proceeding un-
der that Act, if it appeared from the evidence that the title
was in dispute, and that the alleged lessee refused to pay the
rent because he claimed title in himself, the jurisdiction of the
magistrate was at an end, and that the remedy to obtain pos-
session must be the common law action of ejectment·: this
case was followed by Euler v. Johnson, 25 Penn. St., 350 ; and,
Bergman v. Roberts, 61 Penn. St., 497. The rule of all the
cases cited is, that the jurisdiction of the magistrates, and
of the Common Pleas on appeal, is ousted, in every case
where it appears by the evidence that a question of title
arises between the party charged as tenant, and the party
claiming as landlord.

We must be understood, however, as referring only to the
practice and proceedings under the Act of 3d April, 1830; the
Acts of 21st March, 1772, 16th June, 1836, and 14th Decem-
ber, 1863, provide remedies which are applied under other cir-
cumstances and for other purposes, and their provisions are
very different: Brown v. Gray, 5 Watts, 20 ; and Cress v.
Richter, Ms. Sup. Ct., 7th April, 1853, are cases arising under
the Act of 1836 ; Debozear v. Butler, 2 Gr., 417, relied upon
by the plaintiff in error, under the Act of 1772, and Koonts v.
Hammond, 62 Penn. St., 181, under the Act of 1863. These
cases are of undoubted authority. At first blush they might
appear to be in conflict with the cases first referred to, and
with the ruling of this case, a more careful examination will
show, however, that as they apply to different statutes no con-
flict in fact exists.

It is a general principle, however, that a tenant has no right
to attorn to the holder of an adverse title ; his paramount duty
is to hold and defend the possession for his landlord, and sur-
render it to him at the end of the term. The title of a stranger,
not claiming by or under the lessor, cannot come in question :
(Heritage v. Wilfong, 8 P. F. S. 137) ; unless the title of the land-
lord has actually come to an end by his own act, or been
divested by the act of the law. For although the defendant
is not permitted to show that his lessor never had title to the
demised premises, he may, on admitting he once had title, prove
that his interest has expired, and become vested in another :
Newell v. Gibbs, 1 W. &. S., 496 ; Elliott v. Smith, 11 Harris,
131 ; Smith v. Crosland, 10 Out., 413.

In the case at bar, however, the defendant does not assert
title in a third party, by expiration of the title of the lessor;
he claims to have the lessor's title in himself, and, if at the
trial it appeared from the evidence, that this claim of the de-

fendant was *bona fide,* and that the payment of the rent was resisted on that ground, the jurisdiction of the magistrate, and of the Court of Common Pleas, on appeal, was at an end. It was not necessary that the evidence must fully establish the validity of that title, its validity as between the lessor and the lessee involved an inquiry which the magistrate was not authorized to make, and the powers of the Common Pleas were limited accordingly. From the facts assumed in the point reserved, it appears, that pending the lease, the terms and conditions of which were found by the jury, the parties entered into a parol agreement of sale of the premises in dispute; that the defendant, from the date of that agreement for several years, and to the time of the institution of these proceedings, has had exclusive possession of the premises under it; that the parties have during all that time treated the lease as at an end, and no claim for rent has been made; that a large number of payments have been applied upon the purchase money, and the whole conduct of the case, during the progress of the trial shows, that the payment of the rent is resisted on these specific grounds.

Whether the facts stated would justify a chancellor in awarding the specific performance of the parol agreement mentioned, is not a question raised upon this record, and cannot now be considered; enough is shown to entitle the defendant to have his rights determined in an action of ejectment.

The judgment is therefore affirmed.