THE STATE OF MISSOURI *ex rel.* WM. F. HUSTON, Appellant, v. JOHN L. GANZHORN, Respondent.

Kansas City Court of Appeals, January 2, 1893.

1. **Justices' Courts:** TITLE TO LAND: INFORMAL AFFIDAVIT: DUTY OF JUSTICE. Though the plea and affidavit attempting to inform the justice that the title to real estate is involved be informal, and fail to comply with the statute, yet, if the question decisive of the case is whether or not the plaintiff has the title, the jurisdiction of the justice ceases, and it only remains for him to perform the ministerial duty of transmitting the papers to the circuit court.

2. **Appellate Jurisdiction:** COURTS OF APPEALS: MANDAMUS TO JUSTICE: TITLE TO LAND. The courts of appeals have no appellate jurisdiction to review the judgment of the circuit court in a *mandamus* proceeding to a justice of the peace to compel him to transmit the papers in a case pending before him to the circuit court, on the ground that the title to real estate was put in issue therein; the supreme court alone having jurisdiction to supervise and review the lower courts in proceedings in which the title to real estate is involved. (*State ex rel. v. Rombauer*, 101 Mo. 499, *followed, and Bennett v. McCaffrey*, 28 Mo. App. 220, *denied.*)

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

TRANSFERRED TO SUPREME COURT.

*H. M. Meriwether* and *C. O. Tichenor*, for appellant.

(1) The court should have held that it appeared from the face of the proceedings before Ganzhorn that title to real property was in issue, and that it was, therefore, his duty to certify said cause to the circuit court. Revised Statutes, 1889, secs. 6124, 6219. (2) The plea of title filed in said cause was full and complete. It was correctly made and left no pretense of discretion or doubt as to the duty of Ganzhorn in the premises. The case of *Bennett v. McCaffrey*, 28 Mo. App. 220, furnishes all the authority or precedent needed in this. *Meier v. Thieman*, 90 Mo. 433; *State ex rel. v. Clayton*, 34 Mo. App. 568. (3) But the question before this court cannot be said to involve the title to any real estate, because it will not fall to this court's lot to decide who has the title. Neither party may have the title for aught this court can ever know or ever guess from the argument of this cause before it. In the first proposition this court is asked to pass upon the affidavit; in the second, to pass upon the petition, but in neither event to pass upon the title. We simply wish this court to make the circuit court pass upon the title.

*W. A. Alderson*, for respondent.

The complaint filed in the cause before the respondent, a justice of the peace, which has produced this litigation, brings that case within the provisions of sections 6397 to 6399, Revised Statutes. We find judicial authority in this state in support of the proposition that the justice of the peace, respondent, had jurisdiction to hear and determine the cause of Hurd *et al.* against appellant. *Green v. Sternberg*, 12 Mo. App. 578; *Green v. Sternberg*, 15 Mo. App. 32.

SMITH, P. J.—This is a proceeding against a justice of the peace to compel him to certify a cause and transmit the papers and process therein to the clerk of the circuit court, for the reason that the defendant therein had filed an affidavit putting the title to real estate in issue therein as provided in section 6219, Revised Statutes, 1889. The complaint and the sworn plea of defendant (if such it may be termed), setting up that title to real estate was in issue, were set out in the alternative writ, and the correctness of which were admitted by the return of the justice. It is thus made to appear that the proceeding before the justice was based, or intended no doubt to be, upon the provisions of sections 6397, 6398 and 6399. Defendant therein filed a statement wherein he denied that he was the tenant of the plaintiffs or had ever recognized them as owners of the premises; that he was the tenant of T. J. Hudson, the legal owner of the title to the premises. It was not verified by the oath of the defendant, or by that of any person in his behalf. There was, however, appended the oath of Fred. M. Hays, to the effect that "he was one of the agents of T. J. Hudson, who claims to be the owner of said premises; that the above claim is made in good faith and not for delay, but because the title to said property is involved in this suit."

Viewed as a pleading it is certainly very informal. It may be well doubted whether it is the pleading contemplated by the statute. It is certainly not verified either by the oath or affidavit of the defendant or by anyone in his behalf. But, while this is so, we think that it sufficiently appears from the complaint and statement filed by the defendant whether the latter be denominated a pleading or not, that the title to real estate is the dominating issue in this case. The question decisive of the case was whether or not the plaintiffs had acquired the title in the manner they

alleged in their complaint.    The defendant's statement claims that the title is outstanding in another under whom he holds the possession.    This is a denial by implication of the plaintiffs' title, so the issue of title is thus presented for the decision of the court having jurisdiction of actions involving title to real estate. In this view of the case the justice was without jurisdiction to proceed with the cause, and it only remained for him to perform the ministerial duty of transmitting the papers to the circuit court as required by statute.

But, conceding that the title to said real estate was in issue before the justice, still have we jurisdiction of the appeal?    This question we are now bound to decide.    By section 12, of article 6, of the constitution, it was provided that appeals should lie from the decisions of the St. Louis Court of Appeals to the supreme court, and writs of error should issue from the supreme court to said court in the several cases in the section enumerated.    By the fifth section of the amendment extending the jurisdiction of the St. Louis Court of Appeals, and establishing the Kansas City Court of Appeals, it is provided that, in all cases or proceedings reviewable by the supreme court, writs of error shall run from the supreme court directly to the circuit courts, and in all causes or proceedings appeals shall lie from such trial courts directly to the supreme court, and that the supreme court shall have exclusive jurisdiction of such writs of error and appeals.    So that this amendatory section placed the several cases enumerated in said section 12 without the jurisdiction of the courts of appeal.

In *State ex rel. v. Rombauer*, 101 Mo. 499, it is stated that the supreme court remains the final arbiter in all those cases enumerated in section 12, article 6, of the constitution, and that the courts of appeal are without jurisdiction, original or appellate, in any of

such cases. The original as well as the appellate juris-diction of these appellate courts is confined to those cases the subject-matter of which is not within the appellate jurisdiction of the supreme court. By the terms of said section 5 of said amendment to the con-stitution, it is expressly provided that the supreme court shall in all cases enumerated in said section 12, article 6, of the constitution *exclusively exercise superintending control over such trial courts,* so that the supreme court is not only given the exclusive jurisdiction of appeals and writs of error in the ten classes of cases specified in said section 12, but is required in all such cases to exclusively exercise superintending control over the trial courts in respect to all of such cases.

Since the subject-matter of this proceeding is a case involving title to real estate, it is quite difficult to understand why under the constitutional provisions already referred to it is not without our jurisdiction. It is quite true that this is not an appeal from a decis-ion by the trial court of an issue of title to real estate, but the subject-matter of the appeal is so related to a case which does involve the title to real estate as to exclude our appellate jurisdiction.

If the defendant in the suit before the justice had applied to us to issue the writ of *mandamus* or prohibi-tion against the justice by virtue of the power given us by said section 12, article 6, of the constitution, to issue these and other remedial writs and to hear and deter-mine the same, and we had done so, the very first ques-tion we should have been obliged to decide would have been whether the title to real estate was in issue in the case about to be tried before him. Would not the determination of that fact in the affirmative have excluded our jurisdiction as well as that of the justice?

How could we exercise a superintending control over the justice to revise his action in respect to

a cause over which we in no event have juris-
diction? We do not think by virtue of our power to
issue the remedial writs mentioned in said section 12,
article 6, of the constitution, that we are authorized to
exercise a superintending control over a justice of the
peace in a case where the title to real estate is in issue.
We cannot discover that our original jurisdiction is
greater than our appellate jurisdiction in any case. The
boundary lines of our original and appellate jurisdic-
tion as fixed by the constitution seem everywhere to
coincide. We have not only no jurisdiction, original
or appellate, in any of the cases specified in said section
12, article 6, of the constitution, but we have by virtue
of such jurisdiction no superintending control over any
court wherein such cases originated in respect thereto.
As, for illustration, if a case falling within any one of
the several classes enumerated in the said constitutional
section arises in any court it is not within our jurisdic-
tion, original or appellate, to exercise any superintend-
ing control over such court in respect to such a case.
We cannot directly or indirectly order the court in which
such a case is pending to take any steps in relation
thereto, for, if we did, such an order would be *coram
non judice*.

It is quite true, as contended by the relator, that
the circuit court was not called upon in this proceeding
to decide the issue of title, yet it was called upon to
decide a question in a case which did involve title and
over which it must be conceded we have no jurisdiction.

The action of the circuit court in such cases is
subject alone to the supervising control of the supreme
court. Since the decision in 101 Mo. 499, *supra*, and
that rendered by us in *State ex rel. v. Allen*, 45 Mo. App.
551, we do not feel bound to follow the case of *Bennett
v. McCaffrey*, 28 Mo. App. 220, decided by the St. Louis
court of appeals.

Vol. 52—15

Entertaining these views, we feel that the only disposition we can make of the relator's appeal is to certify it to the supreme court, which is ordered accordingly. All concur.