The STATE OF MISSOURI *ex rel.* WM. F. HUSTON, Appellant, v. JOHN L. GANZHORN *et al.*, Respondent.

Kansas City Court of Appeals, February 19, 1894.

Justices' Court: TITLE TO REAL ESTATE: DUTY OF JUSTICE: JURISDICTION. As defendant's statement of their defense, filed before the justice, showed that the title to real estate was involved and he had no jurisdiction to try the case it was his duty to certify the case to the circuit court.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*H. M. Meriwether* and *C. O. Tichenor* for appellant.

*W. A. Alderson* for respondent.

SMITH, P. J.—The only question that was ever for decision in this case has already been decided by us, as will be seen by reference to the statement and opinion reported in 52 Mo. App. 220. We were then, as now, of opinion that, under the constitution of this state, we had no jurisdiction original or appellate. The reasons why we thought so, were there sufficiently stated, so that no further reference to that matter need be made now.

Since it has been ruled by the supreme court, in effect, that we have jurisdiction of the case, it only remains for us to restate the pertinent part of the opinion heretofore expressed by us in the case, *id est;* that we think it sufficiently appears from the complaint and statement filed by the defendant whether the latter be denominated a pleading or not, that the title to real estate is the dominating issue in the case. The question decisive of the case was, whether or not the plaintiffs had acquired the title in the manner they alleged in their complaint.

The defendant's statement claims that the title is outstanding in another under whom he holds possession. This is a denial of the plaintiffs' title by implication, so the issue of title is thus presented for decision of the court having jurisdiction of actions involving title to real estate. In this view of the case, the justice was without jurisdiction to proceed with the case and it was only left for him to perform the ministerial duty of transmitting the papers to the circuit court as required

by statute. The relator was, therefore, entitled to the peremptory writ of *mandamus* on the justice, and the circuit court erred in refusing the same.

The judgment of the circuit court will be reversed and the cause remanded with directions to award the peremptory writ of *mandamus* in conformity with the foregoing opinion. All concur.