MINTON v. MINTON.

Opinion delivered December 24, 1906.

JUSTICE OF THE PEACE—JURISDICTION—RECOVERY OF RENT.—An action to recover rent does not lie in a justice's court except where the relation of landlord and tenant exists.

Appeal from Sebastian Circuit Court; *Styles T. Rowe,* Judge; affirmed.

*Spradling & Evans,* for appellant.

1. If the relation of landlord and tenant existed between the parties, the court had jurisdiction, and plaintiff was entitled to recover.

2. The question whether or not this relation existed was one for the jury to decide from the whole testimony under proper instructions.

*T. B. Pryor,* for appellee.

The title to the land was necesarily involved in this suit, and the justice of the peace was without jurisdiction to try it. Const. 1874; 7 Ark. 305.

McCULLOCH, J. Appellant sued appellee before a justice of the peace to recover an amount alleged to be due for rent of land, and to enforce, by attachment of the crop on the land, the landlord's lien. An appeal was taken from a judgment rendered by the justice of the peace to the circuit court, where the case was tried *de novo,* and the trial resulted in a verdict and judgment for the defendant. The court gave to the jury a peremptory instruction to return a verdict in favor of the defendant.

The instruction was correct. Appellant failed to prove a contract concerning the occupancy of the land or for payment of rent. There was no proof of facts tending to establish the relation of landlord and tenant between appellant and appellee. On the contrary, appellant's own testimony shows affirmatively that there was no such contract.

Appellee had occupied the farm in question for several years as tenant of Mrs. Bennight, the former owner. Appellant bought it at a sale under execution in 1902 against Mrs. Bennight. The title was in dispute between appellant and Mrs. Bennight, and appellee merely announced his intention of remaining on the land

until. the end. of the anticipated lawsuit concerning the ownership thereof.

The action involved the title to the land and plaintiff's right to recover for the use and occupation thereof. He does not claim to have had a contract with appellee for the payment of rent, but bases his right to recover solely upon his ownership of the land by purchase under the execution sale and appellee's declaration of his intention to remain on the land until the end of the suit about the title. Appellant offered to introduce the sheriff's deed as evidence of his title, and excepted to the ruling of the court excluding it.

Justices of the peace have no jurisdiction of cases involving the title or right of possession to land. Const. 1874, art. 7, sec. 40. They have no jurisdiction of an action brought under the statute for use and occupation of land, except where the relation of landlord and tenant exists. *Fitzgerald* v. *Beebe, 7 Ark.* 305.

The jurisdiction of a justice of the peace in an action brought by a landlord to recover rent due upon contract can not be defeated by the defendant controverting the plaintiff's title to the land (*Matthews* v. *Morris,* 31 Ark. 222; *Nolen* v. *Royston,* 36 Ark. 561; *Bramble* v. *Beidler,* 38 Ark. 200; *Jansen* v. *Strayhorn,* 59 Ark. 330) ; but when there is no contract for the payment of rent, where the relation of landlord and tenant does not exist, and the plaintiff's right to recover depends entirely upon his title to the premises occupied by the defendant, then a justice of the peace has no jurisdiction. In the absence of contractual relation between the parties, the title to the land is necessarily involved, and the Constitution of the State expressly forbids that justices of the peace shall take jurisdiction of such a controversy.

Counsel argue that there is some evidence that appellee agreed to occupy the premises as appellant's tenant, though the amount of rent was not agreed. upon. We do not think there is a particle of evidence to that effect. Appellant stated in so many words that appellee never agreed to rent the land from him. Appellee remained in possession as tenant of Mrs. Bennight, and merely said to appellant that he would remain thereon until the end of the suit about the title. This is all that can be made out of the evidence, and it was insufficient to sustain a ver-

dict in favor of the plaintiff. Having failed to prove a contract, he had no case within the jurisdiction of the court, and the trial judge correctly so declared.

Affirmed.