MARSHALL ' V. BURDEN.

No. 179.    Opinion Filed January 11, 1910.

(106 Pac. 846.)

COURTS—County Courts — Jurisdiction — Cases Involving Title to Land. Where it is apparent from the evidence or from an agreed statement of facts made in an action pending in the county court that the title of land is in dispute or called in question, the court should refuse to take further cognizance of the case, and should. by reason of the provisions of section 12, art. 7, Const. dismiss the same for want of jurisdiction.

(Syllabus by the Court.)

*Error from Johnston County Court; Nick Wolfe, Judge.*

Action by Charles F. Burden against Josiah T. Marshall. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Summers Hardy* and *William M. Franklin*, for plaintiff in error.—Citing: *Fitzgerald v. Beebe*, 7 Ark. 305; *Jordan v. Henderson*, 37 Ark. 120; *Bramble v. Beidler*, 38 Ark. 200; *Jonsen v. Strayhorn*, 59 Ark. 330.

*Young & Stobaugh*, for defendant in error.

HAYES, J. Defendant in error, Chas. F. Burden, commenced this action in the county court of Johnston county on the 8th day of January, 1908, by filing therein his petition in which he alleges that one Marshall Bradford, who was made by his petition defendant in the action, had as agent of said Burden received the sum of $135, and that said sum is due and unpaid. Defendant, Marshall Bradford, on the 4th day of February, 1908, filed an answer to the petition, wherein he admitted that he owed as rents for the year 1907 on a certain tract of land situated in Johnston county a sum of money, but he alleges that without collusion on his part one Josiah T. Marshall claims said rents, and prays that he be made a party defendant to the action, and that he (Bradford) be permitted to pay the money into

court, and go hence without day.  An order of court was made
without objection or exception by defendant in error in accord-
ance with the prayer of Bradford's answer, and Josiah T. Mar-
shall, plaintiff in error herein, thereupon in accordance with the
order of the trial court filed in that court his answer, to which
plaintiff replied, and thereafter an agreed statement of facts was
entered into by and between plaintiff in error and defendant in
error by which it was agreed that on the 8th day of April, 1905,
plaintiff in error was duly enrolled as a citizen of the Choctaw
Tribe of Indians, and that his enrollment had been approved by
the Secretary of the Interior, and that on said date plaintiff in
error selected the lands on which the rent is claimed as his allot-
ment, and that a certificate of allotment had been issued there-
for, but that afterwards, to wit, on the 4th day of March, 1907,
the Secretary of the Interior, without notice to the plaintiff in
error, struck his name from the rolls on file in the office of the
Secretary of the Interior, and canceled, or undertook to cancel,
the certificate of allotment theretofore issued to him, and· that
afterwards one Charles McSwin selected said lands as his allot-
ment and executed to defendant in error a contract under which
he claimed the rents on said lands for the year 1907.  Bradford
occupied the lands during the year 1907, but so far as the agreed
statement shows, without contract with either claimant of the
land.  After the agreed statement of facts had been filed, plain-
tiff in error moved the court to dismiss the action for the reason
that the title to real estate is in dispute or called into question
by the issues made by the pleadings and the agreed facts.  This
motion was overruled, and upon trial judgment was rendered in
favor of defendant in error.  Several questions are presented by
plaintiff in error's assignments of error, but it will be necessary
to notice only one of them.

As previously stated, this action grows out of a controversy
over the rents for the year 1907 on land claimed by both plain-
tiff in error and defendant in error, neither of whom, so far as
the agreed facts show, had any contract with Bradford.

The statute in force in the Indian Territory before the ad-

mission of the state which applied at the time the crops for the year 1907 were planted and matured provides:

"Where lands or tenements are held and occupied by any person without any special agreement for rent, the owner of such lands or tenements, his executor or administrator, may sue for and recover a fair and reasonable compensation for such use and occupation." (Mansfield's Dig. Ark. § 4169 [Ind. T. Ann. St. 1899, § 2849]).

Section 3339, Wilson's Rev. & Ann. St. 1903, provides:

"The occupant, without special contract of any lands, shall be liable for the rent to any person entitled thereto."

Under the provisions of either of the foregoing statutes, the owner of the legal title to the lands occupied by Bradford during the year 1907 would have a right of action against him for the rents on said lands for that year, but by section 12, art. 7, Const., it is provided that:

"The county court shall not have jurisdiction in any action, for malicious prosecution, or in any action for divorce or alimony, or in any action against officers for misconduct in office, or in actions for slander or libel, or in actions for the specific performance of contracts for the sale of real estate, or in any matter wherein the title or boundaries of land may be in dispute or called in question, nor to order or decree the partition or sale of real estate, not arising under its probate jurisdiction."

Both plaintiff in error and defendant in error seek by this action to recover the sum of money admitted by Bradford to be due by him as rents on the land for the year 1907, each claiming same on the ground that he is the owner of the title to the land, and the only issue submitted to the court under the agreed statement of facts was: Who held the paramount title to the land?

Under a statute of Arkansas (Rev. St. 1837, c. 87, § 4) providing that a justice of the peace shall not have jurisdiction where a lien on land or title and possession thereto are involved, the Supreme Court of that state held that, when a justice of the peace sees that the title of land must come into controversy before him, he should dismiss the case and refuse to take further cognizance of it. *Fitzgerald v. Beebe*, 7 Ark. 305, 46 Am. Dec. 285. That was an action against Fitzgerald by Beebe before a

justice of the peace on an account for two months' rent of a store building. No contract existed between plaintiff and defendant, and the action was one of *assumpsit* for use and occupation. Defendant Fitzgerald answered, denying plaintiff's title, and evidence was introduced by plaintiff in support of his title and by defendant in opposition thereto. Some of defendant's evidence tended to establish title in third persons, and, upon this state of facts, the appellate court held that the justice of the peace was without jurisdiction. The rule which seems to be uniformly followed by the Supreme Court of that state is that, where from the evidence it appears that title to real estate is brought in question, a justice of the peace is without jurisdiction. *Thruston et al. v. Hines,* 8 Ark. 118; *Bramble v. Beidler,* 38 Ark. 200; *Minton v. Minton,* 81 Ark. 192, 98 S. W. 976.

Under a similar statute, it was held in *Van Etten v. Van Etten,* 69 Hun (N. Y.) 499, 23 N. Y. Supp. 711, that a tenant is not precluded in an action for rent from showing that since the execution of the lease he has acquired the lessor's title, and upon the introduction of such issue into the action the justice is ousted of jurisdiction and any judgment he may render is a nullity. Other cases in point are *Lane v. Young et al.,* 66 Hun. (N. Y.) 563, 21 N. Y. Supp. 838; *Sweek v. Galbreath,* 11 Or. 516, 6 Pac. 220; *Miller v. Cheney,* 88 Ind. 466; *Bowers v. Pomeroy et al.,* 21 Ohio St. 184; *Mohan v. Butler,* 112 Pa. 590, 4 Atl. 47; *Main v. Cooper,* 25 N. Y. 180; *State ex rel. Huston v. Ganzhorn,* 52 Mo. App. 220; *State ex rel. Huston v. Ganzhorn,* 56 Mo. App. 519; *McAllister v. Tindal,* 1 Cal. App. 236, 81 Pac. 1117; *Hudson v. Hodge,* 139 N. C. 308, 51 S. E. 955; *Deane v. Robinson,* 34 Ind. App. 468, 73 N. E. 169.

The language of section 12, art. 7, Const., *supra,* is, if any different, more comprehensive than the statutory provisions under consideration in some of the cases cited above, in that it provides that the county court shall not have jurisdiction of cases wherein the title of land not only may be in dispute, but also "or called in question." The only issue between plaintiff in error and defendant in error which the court was called upon to

determine was: Who owned the land which had been occupied by Bradford during the year 1907? Before either party could recover, his title, or the title of the person under whom he claimed, had to be established, and this was the primary question to be determined by the court, and, although the court rendered no judgment decreeing the title to be in either party, it cannot be said that the title was not called into question. The ownership of the title was the only matter in question. The rent belongs to him who holds the title. The trial court undertook to determine who holds the title and awarded judgment in his favor for the amount of the rents; but jurisdiction of cases wherein title to land is called in question has been denied to the county court by the foregoing provisions of the Constitution.

The judgment of the trial court will be reversed, and the cause remanded.

All the Justices concur.