## COUCH *et al.* v. McKOON.

No. 1305. Opinion Filed March 12, 1912.

(122 Pac. 542.)

**COURTS—County Courts—Jurisdiction—Title to Land.** In an action in a county court against certain persons for falsely representing themselves to have the right of possession and use of a tract of land for the succeeding year, by which representations they induced plaintiff to lease the land from them for said year and to pay a valuable consideration therefor, plaintiff alleged in his petition that the title to said land was at the time owned by another person than defendants and other than the person under whom defendants claimed, and that no valid lease had ever been made by the owner to defendants. **Held,** that the petition upon its face shows that title to land is drawn into question, and that by reason of section 12, art. 7, of the Constitution, the county court has no jurisdiction of the cause.

(Syllabus by the Court.)

*Error from Craig County Court;*
*Theo. D. B. Frear, Judge.*

Action by John McKoon against John Couch and Ed Couch. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions to dismiss.

*W. H. Kornegay,* for plaintiffs in error.

*Preston S. Davis,* for defendant in error.

HAYES, J.   Defendant in error, hereinafter called plaintiff, originally brought this action against plaintiffs in error, hereinafter called defendants, to recover in the county court of Craig county damages for deceit in the leasing of certain lands to plaintiff by defendants.

Plaintiff in his petition in the court below alleged that on the 6th day of August, 1906, he rented a certain farm and improvements from the defendant Ed Couch for the year 1907; that defendant Ed Couch claimed to have a lease and valid contract with one Sol Ketchum for the use of said farm and improvements for the years 1905, 1906, and 1907; and that, prior to making the rental contract with the defendant John Couch, both defendants represented to plaintiff that they had a valid contract for said premises for said years, and that they would give to plaintiff the quiet and peaceable possession of same for the year 1907; that the defendant Ed Couch told plaintiff that he had seen Sol Ketchum concerning the occupation of the premises for the year 1907; and that said Ketchum had agreed that defendant Ed Couch could use and occupy the premises under his contract for that year.   Plaintiff alleges that relying upon these representations and each of them, and believing them to be true, and that defendants had a right to use and occupy the premises during the year 1907, and the right to rent same to him, he executed a rental contract with them and paid as a consideration therefor the sum of $100 in cash and agreed to build a smokehouse upon the leased premises at a cost of $15.   He alleges that he built the smokehouse and had begun to move his property thereon, preparatory to taking full possession thereof, when he received a notice from Sol Ketchum to quit and deliver over to him possession of the premises; and that he thereupon made investigation and ascertained that the land in question belonged to a minor child of said Ketchum; and that no lease had ever been executed by the guardian of said child to defendants or either of them; and that Ketchum was without any right or authority to lease said land to the defendants; and that, by reason of such facts, plaintiff was compelled to and did rent from the guardian of said

child the land for the year 1907, and paid the rent thereon to the guardian. He alleges that in addition to the sum of $115 paid by him as a consideration for the rental contract, on account of the false and fraudulent representations so made to him by defendants and relied upon by him, he has been put to other expense and loss of time to his damage in the sum of $100, and prayed judgment for the sum of $215.

After answer and trial to a jury, verdict was returned and judgment rendered against defendants for the sum of $115. To reverse that judgment, this appeal is prosecuted.

Defendants demurred separately and jointly to plaintiff's petition. One of the grounds of their demurrers was that the court was without jurisdiction of the subject-matter of the action, and, since our decision upon this question renders a decision upon the other questions presented by this appeal unnecessary, we shall consider only the question of the trial court's jurisdiction.

By section 12, art. 7, of the Constitution, it is provided:

"The county court shall not have jurisdiction in any action for malicious prosecution, or in any action for divorce or alimony, or in any action against officers for misconduct in office, or in actions for slander or libel, or in actions for the specific performance of contracts for the sale of real estate, or in any matter wherein the title or boundaries of land may be in dispute or called in question; nor to order or decree the partition or sale of real estate not arising under its probate jurisdiction."

As was said by this court in *Marshall v. Burden,* 25 Okla. 554, 106 Pac. 846, the foregoing provision of the Constitution is comprehensive in that it provides that the county court shall not have jurisdiction of cases wherein the title to land not only may be in dispute, but also may be "called in question."

We think it is plain upon the face of plaintiff's petition that to try the cause he attempts to allege will bring into question title to the land leased. In order for him to establish the false and fraudulent representations alleged by him to have been made by the defendants, it will be necessary for him to prove that title to the land in controversy was not in Sol Ketchum at the time he

leased the same to defendants, which, indeed, plaintiff alleges to be the case; and that the title was in another person, to wit, a minor child of said Ketchum. Plaintiff sought to have the county court determine that his lessors, the defendants, and those under whom they held, had no right or title whatever in the land, and their representations to him that they had the right of possession for the year 1907 were therefore false and fraudulently made. In order to determine this question, title to the land must necessarily be drawn in question (*Brooks v. Delrymple,* 1 Mich. 145), and the county court was therefore without jurisdiction.

In *Loeb v. Loeb,* 24 Okla. 384, 103 Pac. 570, it was held that in an action brought by a grantee solely for the purpose of recovering money paid for taxes against which his grantor had covenanted in his deed did not involve the title to the land or draw the same into question, and that a county court therefore had jurisdiction of such an action. In reaching this conclusion, the court followed principally cases from the Supreme Court of Nebraska, but that court has held, under a statute denying jurisdiction to a justice of the peace of actions in which the title to real estate is sought to be recovered or may be drawn in question, that a justice of the peace has no jurisdiction of an action to recover damages for breach of a covenant for quiet enjoyment in a deed conveying real estate, where such breach consists of an eviction by one, having a paramount title. *Holmes v. Seaman et al.,* 72 Neb. 300, 100 N. W. 417, 101 N. W. 1030, approved in *Powers v. Bohuslav,* 84 Neb. 179, 120 N. W. 942. In those cases, as in the case at bar, plaintiff's right to recover involved the question whether the paramount title to the land was in another person than defendant's grantors.

It is not necessary to oust the court of jurisdiction that the court will be required under the issues to render judgment decreeing the title to be in one or other of the parties.

In *Marshall v. Burden, supra,* plaintiff brought his action in a justice court to recover for the use and occupation of certain land. Defendant in his answer admitted owing somebody for the use of the land, but alleged that a third person claimed title

to the land and the right to payment for its use and occupation. Said third person filed his interplea in the action, defendant paid the money into court, and the trial was between plaintiff and the interpleader upon an agreed statement of facts to determine who held the paramount title to the land defendant occupied. The right of the interpleader by his interplea to raise a question of title, thereby ousting the court of jurisdiction, was not questioned in that proceeding, for the trial was upon the issues presented by the agreed statement of facts. It was held by this court that, since the agreed statement of facts called into question title to the land, a justice court was without jurisdiction. So, in the case at bar, it is evident upon the face of the petition that the trial court, in order to determine whether there had been any false representations by defendants as to their right and title to the land in controversy, must determine whether the same at that time belonged to a minor, by whose guardian no lease had ever been executed or conveyance made to any one; that Sol Ketchum had no right or title, and therefore conveyed none to defendant by his lease. The demurrer to the petition should have been sustained. *Hammer v. Garret,* 15 Idaho, 657, 99 Pac. 124.

The judgment of the trial court is accordingly reversed and the cause remanded, with direction to dismiss.

All the Justices concur.