## WILLIAMSON v. TEST.

1. **Conveyance:** BREACH: MEASURE OF DAMAGES: PROPERTY CONSIDERATION. In an action for a breach of covenant in a deed, it is proper to base the recovery upon the value of personal property taken as the consideration, which the parties themselves fixed thereon at the time of the sale, rather than its actual value.

2. —— WARRANTY. A deed of conveyance recited, that the grantor "sells, conveys and quitclaims," and, after describing the lot, "covenants to warrant and defend the said premises against the lawful claims of all persons whomsoever, except the United States." The deed was intended to convey the "settler's or claimant's title," which the defendant did not have, nor any title. *Held*, that the grantor was liable upon his covenant, notwithstanding the words "sell, convey and *quitclaim*."

*Appeal from Pottawattamie District Court.*

FRIDAY, JANUARY 31.

DEFENDANT in March, 1856, sold and conveyed to plaintiff a lot in Omaha, Nebraska territory. The deed expressed a consideration of $150, and recites that the grantor sells, conveys and quitclaims, and after describing the lot, covenants to warrant and defend the said premises against the lawful claims of all persons whomsoever, except the United States.

The petition alleges, that the defendant had no title or right of any kind to the lot, that the right and title was in another, that defendant never has obtained any interest in said lot, and for a breach of the convenants in said deed, claims damages in the sum of $400. Upon the issue joined, there was a trial to the court; judgment for plaintiff in the sum of $162.10; motion for new trial overruled, and defendant appeals.

*Polk & Hubbell* for the appellants.

*Robert Percival* for the appellee.

WRIGHT, J.—The substance of the several errors assigned, relate to the action of the court in overruling

1. CONVEYANCE: breach: measure of damages: property consideration. defendant's motion for a new trial. By this motion it was claimed, that the finding for plaintiff was against the law and evidence, and also excessive.

The lot was paid for in a watch. In this action limiting (as the court below seems to have done, and to which plaintiff does not object), the recovery to the consideration with interest, it was proper, there being no proof of

fraud on plaintiff's part, to base the recovery upon the value fixed upon the watch by the parties at the time of the trade, rather than its actual value as testified to by defendant. Upon this basis the judgment is much below the true amount. If the court below, however, was guided by the actual value, the testimony warranted the finding. Plaintiff and defendant were the only witnesses to the value. There was the usual conflict. The court below took plaintiff's estimate, and we cannot say, that in this there was error.

That defendant did not have title to the lot at the time of making the deed, is very well established. The

2. ——
warranty.

land was then owned by the United States, the deed was intended to convey the "settlers' or claimants'" title, but this defendant did not have, nor afterward acquire. This was at the time in another by a paramount right; and after the purchase from the United States, the paramount right drew to it the full legal title, and thus occasioned the breach of defendant's covenants. And notwithstanding the words "sell, convey and quitclaim," in the prior part of the instrument, the subsequent language, *warranting and defending the premises* against the lawful claim of all persons whomsoever, except the United States, would be without meaning unless construed to hold the grantor as claimed by plaintiff. The case is not so strong for defendant as that of *McNear* v. *McComber* (18 Iowa, 12), to which we direct attention as fully warranting the construction given to this deed by the court below.

Affirmed.