PATIENCE GAY v. HARRIS HULTS AND JOHN H. CREYTES.

*Justice's court—Question of title.*

A question of title is raised in an action of trespass brought before a justice, if the plaintiff offers deeds in evidence of his right of possession or claims such right under a third person whose ownership he proposes to show.

Error to Clinton. (V. H. Smith, J.) Oct. 22.—Nov. 19.

TRESPASS. Defendants bring error. Reversed as to costs.

*A. Stout* and *Nichols & Humphrey* for appellants, cited as to producing deeds in evidence of possession : *Ruggles v. Sands* 40 Mich. 560 ; *McFarlane v. Ray* 14 Mich. 465 ; *Dreutzer v. Baker* 60 Wis. 179.

*H. J. Patterson* for appellee.

COOLEY, C. J. Plaintiff sued defendants in justice's court, and declared against them in trespass "for that the defendants heretofore, to wit, on the 22d day of July, 1882, at the township of De Witt, in said county, went into the dwelling-house occupied by this plaintiff, in the township and county aforesaid, and then and there, without any leave or license whatever from this plaintiff, then and there took the goods belonging to this plaintiff and carried them out of said house into the highway, and damaged this plaintiff in a large sum, to wit, one hundred dollars; and then and there, with force and arms, put this plaintiff out of said dwelling-house, and caused her to spend time and money to procure another house, and to pay for teams and rent," etc. To this declara-

tion the defendants pleaded the general issue, with notice that on the trial the title to land would come in question, and gave bond for the transfer of the cause to the circuit court under the statute. It was certified to that court by the justice accordingly.

On the trial it appeared that defendants, at the time of the alleged trespass, were acting in the service of a writ of restitution for the removal of Julian Love and his family from the dwelling-house in question, and the delivery of possession to Elbridge G. Wood. Plaintiff in this suit was at the time staying in the house with the family of Love, and was removed with the family. This was the trespass complained of. Defendants appear to have regarded her as a visitor in the family, and as having no other right to remain there than Love himself. Plaintiff, to show that she was not there in the right of Love, put in evidence certain deeds of the land on which the dwelling-house stood, from the heirs of one Gibbs to herself, her counsel saying: " I propose to put in the title that she claims to be in possession under, and I also propose to show by her that she was there by permission of her sister, who owned the land, and that she was living there by her sister's permission, so far as that is concerned, and all the claims she had for being there she got from her sister, except the title she had; to show title to the land; to show that she did not hold under Mr. Love; that she was acting under her own independent rights." When the deeds were actually put in evidence, however, counsel disclaimed an intention to prove title, and stated that he proved them " for the purpose of proving a right of possession there."

The verdict in the case was for the defendants, and on moving for judgment the question of right to costs arose. Under the statute, the defendant in justice's court who fails to give notice and file bond, as was done in this case, is precluded in his defense from all evidence drawing in question the title to lands (How. Stat. § 6894); but if he gives such notice and bond, and the title, on the case being certified to the circuit court, is found not to come in question, he must

pay costs, whatever may be the disposition of the case on the merits. How. Stat. § 6897.

It is very evident that in this case the defendants had reason to expect that the title would come in question on the trial. The plaintiff claimed occupancy of the dwelling-house by the declaration, and she had deeds purporting to convey the land on which it stood. There would therefore have been no safety in the defendants proceeding to trial in the justice's court, and there is a manifest hardship in their case if they were to be compelled to litigate in the circuit court at their own expense, even though the merits of the case were with them. But this the plaintiff claims they must do, as she disclaimed proof of title by her deeds; and the circuit judge assented to this view, and gave judgment for costs to the plaintiff.

We think this was erroneous. The offer of the deeds by the plaintiff, whatever counsel may have said at the time, had no other purpose than to prove some sort of right to the land in the plaintiff; the offer was meaningless on any other supposition. Now, whether the right was a mere right of possession, or on the other hand was the complete ownership, it was title of some sort; and it was immaterial for the purposes of this statute what it was. If plaintiff relied upon any rights whatever in the dwelling-house, of which the deeds could be proof, she put title in question when she introduced the deeds in evidence. And she would just as much put it in question by setting up ownership in her sister, and claiming possession in her right. It seems, however, to have been upon her own deeds that she was relying; and these could have been of no service to her in any way except as they might give her at least an apparent right of some sort in the land.

The defendants are entitled to costs of all the courts, and judgment must be entered in this Court accordingly.

The other Justices concurred.