ABEL M. MERRILL V. HENRY B. SUING ET AL.

FILED NOVEMBER 19, 1902. No. 12,268.

Commissioner's opinion, Department No. 2.

1. **Action for Breach of Covenants: ALLEGATIONS AND PROOFS.** In an action on a warranty deed for a breach of covenants of title and for quiet enjoyment, the plaintiff must allege and prove that he has been turned out of the possession of the granted premises, or some part thereof, or compelled to yield the possession thereof to one having a paramount title.

2. **Reply: AVOIDANCE: MOTION TO STRIKE.** Where a reply sets up new matter in avoidance of the matters of defense contained in the answer, which may fairly be said to amount to a departure from the original cause of action stated in the petition, a motion to strike out such new matter and eliminate it from the reply should be sustained.

3. **Instruction.** An instruction submitting such new matter to the jury for their consideration in arriving at a verdict, is erroneous.

4. **Evidence.** Evidence examined and found to be insufficient to sustain the verdict.

5. **Petition: ACTION: STATUTE OF LIMITATIONS.** *Held*, That the petition shows upon its face that an action for a breach of covenants against incumbrances was barred by the statute of limitations at the time the action was commenced.

ERROR from the district court for Cedar county. Action in the nature of covenant. Tried below before GRAVES, J. *Reversed.*

*James C. Robinson,* for plaintiff in error, cited, upon the question of the eviction or surrender of paramount title, *Troxell v. Stevens,* 57 Nebr., 329, and authorities cited.

*Addison M. Gooding,* for defendant in error Henry B. Suing.

*John Bridenbaugh,* for defendant in error Robert N. Hurlbut.

Barnes, C.

This action was one to recover damages for a breach of covenants of general warranty contained in two certain deeds, one of which was given by Robert N. Hurlbut and wife to Abel M. Merrill, and one given by said Merrill and wife to the defendant in error Henry B. Suing. It was alleged in the petition that on the 4th day of June, 1886, defendants Robert N. Hurlbut and his wife, Mary, were the owners of lots 8 and 9 in block 27, and lot 15 in block 31 in the village of Hartington, Cedar county, Nebraska; that at said time they duly executed, acknowledged and delivered a mortgage thereon to E. S. Ormsby, trustee, and P. O. Refsell, for the sum of $600; that on the 11th day of March, 1889, the defendants Hurlbut and wife, in consideration of the sum of $650, duly executed, acknowledged and delivered to the defendant Abel M. Merrill a warranty deed, and thereby conveyed to him lots 8 and 9 of block 27. This conveyance was a short form of warranty deed, and contained the usual and ordinary covenants of warranty. It was further alleged that on the said 11th day of March, 1889, the defendant Merrill, and his wife, Mary J. Merrill, entered into the possession of the said premises, and on the 15th day of March, 1889, in consideration of the sum of $650, duly executed, acknowledged and delivered to the plaintiff a warranty deed, and thereby conveyed to him said lots 8 and 9 of block 27; that said deed contained the usual covenants of warranty, as follows: "We do hereby covenant with the said Henry B. Suing that we hold said premises by good and perfect title; that we have good right and lawful authority to sell and convey the same; that they are free and clear of all liens and incumbrances whatsoever, except one mortgage of $264 to Levi H. Monroe. And we covenant to warrant and defend the said premises against the lawful claims of all persons whomsoever." It was further alleged that at the date of the execution and delivery of the said deeds the defendants did not have a good and sufficient title to said premises, but on the contrary,

the paramount right and title to the same was in the holder of the aforesaid mortgage, and the said mortgage was then and there valid and subsisting as against lots 8 and 9 of said block 27, and the note and accruing interest secured by said mortgage was outstanding, and one William H. Male, by a series of transfers, came into the possession of said mortgage, and became the lawful owner and holder thereof, and on the 22d day of September, 1897, commenced foreclosure proceedings thereon, and by due course of law obtained a decree from the district court of Cedar county, declaring the said mortgage claim to be a first lien upon said premises, and ordering the same to be sold, and said premises were, on the 21st day of February, 1899, sold upon the order of said court; that plaintiff was compelled to surrender, yield and submit to the paramount title so established by said mortgage decree and order of said court, and to pay the purchaser of said paramount title on the 14th day of March, 1899, the sum of $393.68, and to pay the further sum of $25 as an attorney's fee in such foreclosure proceedings, to plaintiff's damage in the sum of $418.68. It was further alleged that the defendants were parties to the foreclosure proceedings, and knew all of the facts relating thereto, and failed and neglected to defend the title, and thereby made breach of their covenants of general warranty and quiet enjoyment, and thereby caused plaintiff to submit to the paramount title aforesaid. The petition concluded with a prayer for a judgment against defendants for $418.68, with interest and costs of suit. The action was dismissed as to Mrs. Merrill and Mrs. Hurlbut, and proceeded against Abel M. Merrill and Robert N. Hurlbut, alone. The defendants filed separate demurrers to the petition, which were overruled, exceptions were taken, and thereupon separate answers were filed by them. Defendant Merrill, by his answer, admitted that the defendant Hurlbut and his wife executed and delivered a deed of the premises to him on or about March 11, 1889; admitted that on or about the 15th day of March, 1889, he, together with his wife, executed and delivered to the

plaintiff a deed of conveyance for lots 8 and 9 in block 27 in Hartington, Nebraska, subject to a certain mortgage to one Levi H. Monroe, and denied each and every other allegation contained in the petition. It was further alleged in his answer that at and some time prior to the date of the making and delivering of the deeds referred to therein, the defendant Robert N. Hurlbut was the owner of lots 8 and 9 in block 27 and this defendant was the owner of lot 15 in block 31, of Hartington, and that before the execution and delivery of the deed from defendant Hurlbut to this defendant, the plaintiff purchased the said lots 8 and 9 in block 27 from said Robert N. Hurlbut for the price and consideration of $650, and requested this defendant to accept a warranty deed for said lots from the defendant Hurlbut, and to convey said lots to him, the plaintiff, by a deed of general warranty, except only as to a mortgage of $264 in favor of one Monroe; that this defendant consented to accept said deed, and agreed to convey said lots to plaintiff as requested, and in pursuance of such request and agreement, and without any consideration either paid or promised to this defendant, and solely for the accommodation of the plaintiff, this defendant accepted the deed referred to in said petition, and with his wife executed and delivered to plaintiff the said deed referred to therein. It was further alleged that the entire consideration for the making of the two deeds referred to, viz., $650, was paid by the plaintiff to the defendant Robert N. Hurlbut, and this defendant never received any consideration or thing of value for accepting the deed from defendant Hurlbut, and making the deed referred to, to plaintiff, and never was in fact the owner or in possession of said lots 8 and 9 in block 27, but merely took the naked, legal title thereto for the benefit of the plaintiff, who was in fact the owner and entitled to the possession of said lots from and after the execution of the deed from the defendant Hurlbut to this defendant. The defendant specially denied that plaintiff was ever ousted or evicted from said premises, or that he ever surrendered the possession thereof to the holder of any

paramount or superior title.  A reply was filed denying these facts, and in addition to such denial the reply contained the following allegations: That on the 4th day of October, 1887, the defendant Hurlbut sold and conveyed by warranty deed and for the consideration of $2,500 lot 15 in block 31 to the defendant Merrill; that in said deed Merrill assumed and agreed to pay as a part of his purchase price for said lot said mortgage of $600, being identical with the one described in his petition as given on the 4th day of June, 1886; "that at the time of the purchase of lots 8 and 9 by the plaintiff, plaintiff knew of the lien against said lots; that defendant Merrill had assumed and agreed to pay such lien, and that the lots so purchased could not be freed from such lien, then and there, and the plaintiff then and there refused to accept the deed of the defendants Hurlbut, though the same contained full covenants of warranty and peaceable enjoyment, and then and there demanded in addition to such deed a bond to be executed by defendant Merrill fully indemnifying the plaintiff against such lien; that defendant Merrill having purchased the aforesaid lot 15, subject to the mortgage aforesaid, the same being a lien on said lots 8 and 9, as well as upon lot 15, then and there refused to give such indemnifying bond and proposed in lieu thereof to defendant Hurlbut and the plaintiff to execute and deliver to the plaintiff, defendant Merrill's warranty deed to and for said lots 8 and 9 with full covenants of general warranty and peaceable enjoyment, and to thereby indemnify the plaintiff against the said lien of $600, and warrant and defend said premises against the lawful claims of all persons whomsoever and to guarantee to the plaintiff the peaceful enjoyment of the same.  The plaintiff then and there, together with defendant Hurlbut, accepted such proposition and the defendant Abel Merrill in pursuance thereof executed and delivered to the plaintiff said deed for said lots."  Thereupon defendant Merrill filed a motion to strike from the reply all of said new matter, which was contained in paragraphs 3 and 4 thereof, for the reason that such matters did not

constitute a proper and legal reply or defense to the matters contained in his answer. The motion was overruled, and the defendant Merrill excepted thereto. He thereupon filed a demurrer to the said paragraphs and the new matter contained therein, because the facts alleged therein were not a proper reply, and did not state facts sufficient to constitute a defense to the facts stated in his answer. The court overruled the demurrer, and defendant excepted. Thereupon the cause was tried upon the pleadings set forth herein. At the commencement of the trial defendants, each for himself, objected to the introduction of any evidence on the plaintiff's part, because the petition did not state facts sufficient to constitute a cause of action against him. These objections were overruled. Defendants excepted. The trial proceeded, and resulted in a verdict against Merrill for $449.18. A motion for a new trial was overruled, judgment was rendered upon the verdict, and said defendant prosecuted error to this court.. For convenience, Merrill will hereafter be called the plaintiff and Suing will be called the defendant.

1. Plaintiff contends that the court erred in overruling his demurrer to the defendant's petition and his objection to the introduction of any evidence in support thereof, for the reason that said petition did not state facts sufficient to show that the defendant had ever been evicted, compelled to surrender his title to one paramount thereto, or had ever been disturbed in any manner whatever in his peaceable possession and quiet enjoyment of the property conveyed to him by the deeds mentioned therein; and that said petition did not state facts sufficient to constitute a cause of action against him. We are inclined to think that plaintiff's demurrer should have been sustained, for the reasons which will be hereafter given; but having answered over after his demurrer was overruled he can not now assign such ruling as error. A different rule prevails in relation to his objection to the introduction of any evidence, at the commencement of the trial. It is proper practice for one where he thinks the petition filed against

him does not contain facts sufficient to constitute a cause of action, to preserve his rights by objecting to the introduction of any evidence, or interposing what is called a demurrer *ore tenus*. The plaintiff adopted this course after his demurrer was overruled, and this properly raises the question for our consideration as to whether or not the petition stated facts sufficient to constitute a cause of action against him. It is evident that the pleader sought to recover for a breach of covenant of title and quiet enjoyment alone, and not for any breach of covenant against incumbrances. In an action on a warranty deed for a breach of covenants of warranty, plaintiff must allege and prove an actual eviction or a surrender to a paramount title which was outstanding at the date of the covenant sued upon. *Snyder v. Jennings,* 15 Nebr., 372; *Real v. Hollister,* 20 Nebr., 112; *Anderson v. Buchanan,* 20 Nebr., 272; *Hampton v. Webster,* 56 Nebr., 628. In the case last above cited, Judge NORVAL makes use of the following language, page 630: "There is no allegation in the pleading anywhere that plaintiffs have been evicted or dispossessed of the premises by anyone claiming a paramount title. Such an averment was indispensable to maintain an action for a breach of covenants of warranty of title,"—citing *Mills v. Rice,* 3 Nebr., 76; *Scott v. Twiss,* 4 Nebr., 133; *Real v. Hollister,* 20 Nebr., 112, and *Cheney v. Straube,* 35 Nebr., 521. The rule is thoroughly settled in this state that in an action on a warranty deed for a breach of the covenant of title or for quiet enjoyment, the plaintiff must allege and prove that he had been turned out of the possession of the premises, or some part thereof, or has yielded the possession thereof to the paramount title. An allegation of eviction by a paramount legal title must be included in a petition in all states where such an eviction is necessary to constitute a cause of action for a breach of covenant of warranty or for quiet enjoyment. 5 Ency. Pl. & Pr., p. 371, and cases cited. An examination of the petition in this case discloses that the only matter complained of is the existence of a mortgage on the

premises in question, and the proceedings had for the fore-closure of the same. It is alleged that at the time the deed containing the covenant declared on was executed and delivered to the plaintiff, the mortgage for $600 was outstanding, and a lien upon the property described in the deed. It is further alleged that proceedings were commenced to foreclose the same, and a decree of the district court of Cedar county was rendered finding the amount due on said mortgage and ordering the premises in question sold to satisfy the same; that said premises were sold by order of the court; that plaintiff was thus compelled to submit to the paramount title created by such mortgage and decree of foreclosure and to purchase the same. The allegation contained in the petition that the mortgage was an outstanding title to the premises in question, paramount and superior to that of the plaintiff, is simply the conclusion of the pleader. We are compelled to look to the facts pleaded in order to ascertain whether or not the plaintiff was ousted or compelled to submit to a paramount title. It is settled beyond controversy in this state that a mortgage does not convey the legal title to the premises from the mortgagor to the mortgagee; that the mortgagor retains the legal title and the right of possession, and that the mortgage is merely a lien thereon. Before such a lien can ripen into a paramount title, the mortgage must be foreclosed in the district court by a proceeding in equity; the premises must be sold under such decree, the sale must be confirmed by the court and a deed executed by the sheriff, or other officer conducting the sale, to the purchaser. The petition in this case fails to show that the sale of the premises in question was ever confirmed, or that any deed thereto was ever executed to the purchaser. So far as this was concerned it is not shown that the sale would ever be confirmed. It is shown by the petition itself that the plaintiff was never disturbed in his peaceable possession and quiet enjoyment of the premises. We hold, therefore, that the petition did not state facts sufficient to constitute a cause of action, and the ob-

jection of the plaintiff herein to the introduction of any evidence should have been sustained.

2. It is alleged that the court erred in overruling the motion to strike the new matter out of the reply, and in overruling the demurrer thereto. The plaintiff by his answer to the petition alleged a want of consideration moving from Suing to him for the execution and delivery of the deed containing the covenants sued upon, and alleged that he never was the owner of the premises, that the purchase money therefor was paid directly by Suing to the defendant Hurlbut. The new matter set forth in the reply was evidently pleaded to meet these allegations of want of consideration. It was tacitly admitted by the reply that the facts stated in relation to the matter of consideration in the plaintiff's answer were true, and it was sought to introduce a consideration other than the one imported by the execution and delivery of the deed itself, and the recitals therein contained, to support the action. This new consideration was an agreement contained in a deed executed and delivered by Hurlbut to Merrill, about eighteen months before the deed in question herein was made, by which it was claimed that Hurlbut conveyed to Merrill lot 15 in block 31, and Merrill assumed and agreed to pay the outstanding incumbrances thereon, including the mortgage set forth in the petition. If it be true that Merrill assumed and agreed to pay this mortgage, the obligation to do so was one existing between himself and the defendant Hurlbut, and which possibly might inure to the benefit of the owner and holder of the mortgage. No rights could accrue by reason of this agreement to any other persons whomsoever. Suing was not a party thereto, and could acquire no rights thereunder. He must recover in this case, if at all, upon the covenants contained in his deed and the consideration for the execution and delivery of the same. Again, if Merrill did assume the payment of the $600 mortgage by reason of the recitals contained in the deed for lot 15 in block 31, given him by Hurlbut, when Hurlbut conveyed lots 8 and 9 in

block 27 to Merrill by deed of general warranty, such con-
veyance operated to release him from his obligations to
Hurlbut under the recitals contained in the former deed.
In a case of mutual covenants, one being as broad as the
other, such mutual covenants cancel each other. *Carroll v.
Carroll*, 85 N. W. Rep. [Ia.], 639; *Silverman v. Loomis*,
104 Ill., 137; *Brown v. Metz*,* 33 Ill., 339; *Goodel v. Ben-
nett*, 22 Wis. 565. Hurlbut's deed, then, operated as a
release of any claim he had against.Merrill by reason of
the recitals in the deed of lot 15 before the conveyance of
lots 8 and 9 through him was completed, and Hurlbut had
no rights by reason of ·such recitals which he could trans-
fer to any one. Suing must have known this when he took
his title from Hurlbut through Merrill, in the manner set
forth in the pleadings. If this new matter contained in
the reply had any effect whatever it. amounted to a de-
parture from the cause of action set forth in the petition.
In our view, it should have been eliminated from the
reply, either by the motion to strike or by the demurrer.

3. If we are correct in this view of the matter it follows
that the court erred in giving instruction No. 4, complained
of by the plaintiff herein. By this instruction the jury
were told, in substance, that if they believed from the evi-
dence that defendants Hurlbut and wife executed and de-
livered to defendant Merrill a warranty deed for lot 15 in
block 31 for and in consideration of the sum of $2,500, and
as a part of the purchase price of said lot 15, the defendant
Merrill assumed and agreed to pay the mortgage of $600
covering both lots 15 in block 31 and lots 8 and 9 in block
27, as alleged in paragraph three of plaintiff's reply, and
that said mortgage was foreclosed as alleged in the plain-
tiff's petition, and that plaintiff was compelled to yield,
surrender and submit to such paramount title, or mortgage
foreclosure, and was compelled to pay the sum of money
alleged, the defendants were liable, and their verdict
should be for the plaintiff. This instruction was clearly

* 85 Am. Dec., 277, and see valuable note on page 280 at end of
case.—W. F. B.

erroneous under our view of the case, and for the giving of it the judgment of the district court should be reversed.

4. It is contended that the evidence is not sufficient to sustain the verdict. It is not shown that defendant was ever dispossessed of the property, or was ever disturbed in his peaceable possession and quiet enjoyment thereof. It is not shown that any one ever demanded possession thereof from him. It is not shown that Merrill ever went into the possession of the property. It is shown that defendant took possession of the property under the title given him by the deeds upon which he bases his cause of action, and that he still holds title thereto and the possession thereof under said deeds. The evidence shows that the whole consideration for the premises was paid direct to Hurlbut, and that Merrill never received the benefit of any of it, even indirectly; that when the suit to foreclose the mortgage was commenced, Merrill was made a party defendant therein, but it was ascertained that he had sold lot 15 in block 31 to one Hirschman, and conveyed it to him by a warranty deed, which contained the recitals that Hirschman had assumed the $600 mortgage, and had agreed to pay it. The action was thereupon dismissed as to Merrill, and he was not a party thereto when the decree of foreclosure was rendered. Merrill testified that he never assumed the $600 mortgage, or agreed to pay it, and that he had paid all of the incumbrances which he had assumed; and the record bears him out in this, because it appears that all of the other incumbrances, and there were several, were paid prior to the commencement of the foreclosure suit. It is not shown that any demand was made upon Merrill to redeem from the mortgage, or pay it off, or in any manner protect Suing against the same. It is not shown that the sale of the premises under the decree of foreclosure was ever confirmed, or that any title whatever was obtained by anyone, by reason of the mortgage or the foreclosure proceedings. It appears that Suing voluntarily redeemed the premises from the lien of the mortgage without notice to, or demand u,on, Merrill. It

clearly appears that the covenant against incumbrances was broken March 21, 1889, and this suit was not commenced until the year 1900, so that a cause of action for breach of covenants against incumbrances was barred by the statute of limitations when this action was commenced. It is clear, therefore, that the evidence was not sufficient under the pleadings in this case, and the issues formed thereby, to sustain the verdict. It is apparent on the face of the petition that the facts are such that an action could not be stated upon the covenants against incumbrances, even by an amendment and a reformation of the pleadings for that purpose.

We therefore recommend that the judgment of the district court be reversed and the cause dismissed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons set forth in the foregoing opinion, the judgment of the district court is reversed and the cause is dismissed.

REVERSED AND DISMISSED.