LOUIS D. HOLMES v. WILLIAM T. SEAMAN ET AL.*

FILED JULY 13, 1904. No. 13,407.

1. **Trial: ESTOPPEL.** A party is estopped to complain of a ruling of the trial court made at his request.

2. **Covenants: ACTION FOR BREACH: PAROL EVIDENCE.** In an action to recover damages for a breach of a covenant for quiet enjoyment in a deed conveying real estate, the defendant is not concluded by a recital of consideration in the instrument, but the real consideration may be proved by parol.

3. **Measure of Damages.** It seems that in such an action, growing out of an exchange of lands, the measure of damages is the value of the property to which the plaintiff was entitled, but which he failed to receive, in the transaction.

4. **Justice of the Peace: JURISDICTION.** A justice of the peace has jurisdiction of such an action when the damages do not exceed the same, and the title to land is not drawn in question.

ERROR to the district court for Douglas county: WIL-LARD W. SLABAUGH, JUDGE. *Affirmed.*

*Louis D. Holmes, pro se.*

*Baldrige & De Bord, contra.*

AMES, C.

For an expressed consideration of $6,000, the defendant, William T. Seaman, conveyed to the plaintiff Holmes an improved Omaha city lot, by a deed of general warranty subject to a mortgage lien for $2,500, which the grantee assumed and agreed to pay. In full payment of the pur-

* Rehearing allowed. See opinion, p. 304, *post.*

chase price, Holmes at the same time conveyed to Seaman 13 outlying lots, known as "Baker Addition" lots, subject to a mortgage lien on 9 of them to secure the personal obligation of Holmes, which Seaman, by a stipulation in the deed, assumed and agreed to pay and which he afterwards did pay and cause to be satisfied and discharged. Holmes went immediately into possession of the city lot, but has never paid any part of the mortgage debt thereon, and some years subsequently he was evicted by a judicial sale of the premises under a prior incumbrance.

This is an action for damages by Holmes against Seaman for a breach of the covenant for quiet enjoyment contained in the deed by the latter of the city lot. The other defendant is the wife of Seaman, who joined in the last mentioned deed for the sole purpose of releasing dower and who is not bound by its covenants. The answer admits the eviction and there is no issue in the pleadings, or conflict in the evidence, as to any of the foregoing facts.

The sole controversy at the trial was with respect to the measure of the plaintiff's damages. The defendant offered to prove the value of the city lot, for the purpose of showing that it was no greater than the amount of the incumbrance thereon, assumed by his grantee in the deed conveying it, but the plaintiff objected and his objection was sustained by the court on the ground that the true rule of damages is that announced by this court in *Cheney v. Straube*, 35 Neb. 521, namely, the purchase price and interest, there having been no costs or expenses incurred by the covenantee in resisting eviction. The defendant then undertook to show, and did show to the satisfaction of the jury, and, we think, by a preponderance of the evidence, that the value of the Baker addition lots was not greater than the mortgage debt and incumbrance on a part of them, which he assumed and agreed to pay, and did pay, pursuant to his covenant in the deed by which he acquired them.

Upon the issues and evidence thus presented the court submitted the case to the jury by a series of instructions,

to none of which the plaintiff took an exception, and a verdict was returned for nominal damages only, and from a judgment thereon this proceeding is prosecuted.

In this court, the plaintiff contends that the defendant is not entitled to dispute the recital of consideration contained in his deed conveying the city lot, especially because the transaction was an exchange of property, and that in such cases the parties are finally and conclusively bound by the estimate of values which they have, at the time of the trade, put upon their respective properties, or, alternatively it is said that the deed, by which the Baker addition lots were conveyed, recites a consideration of $4,650 which, after deducting the amount of the incumbrances thereon, assumed and paid by the defendant, leaves a clear balance of $3,500, which, with interest, the plaintiff is entitled to recover.

In support of the first branch of this contention, the plaintiff cites no authority, and we understand him to have abandoned it in his reply or supplemental brief. In that document, he argues that although the real consideration in the defendant's deed could have been inquired into under proper issues, such an inquiry is not proper in this case, because the answer denies that there was any consideration, which the recital estops the defendant to do, instead of pleading the real consideration which would have been permissible. With respect to this matter, it must suffice to say, that we do not so understand the pleading. Both the petition and answer set forth the transaction in great detail and are supplemented, in this respect, by the reply, so that the entire controversy was before the court for such disposition of it as the law required, in view of all the facts out of which it arose. In connection with this argument the plaintiff cites 2 Sutherland, Damages (2d ed.), sec. 575: When there is an exchange of land, the rule of ascertaining the damages seems to be that the plaintiff is entitled to recover the value of the lands he was to receive from the defendant. We are satisfied with this rule, and so, as we understand, would

Holmes v. Seaman.

have been the defendant, had the testimony he offered tending to prove such value not been excluded by the plaintiff's objection. The plaintiff can, of course, not now be heard to contend that the ruling of the court sustaining his objection was erroneous.

In support of the second branch of his contention, namely, that the recital in the deed of the addition lots is conclusive, he cites the apparently somewhat inconsiderate decision of the supreme court of Iowa in *Williamson v. Test*, 24 Ia. 138. This decision is in conflict with the rule above quoted from 2 Sutherland, Damages, and, we think, with the great weight of authority and the better reason.

Complaint is made because the court excluded a printed price list of the Baker addition lots, by which the defendant offered them for sale after he had acquired them, but the defendant admitted on the witness stand that he held the lots and offered them for sale at the time mentioned at prices identical with those named in the list, so that it does not appear that the plaintiff was prejudiced by the exclusion.

The court taxed the plaintiff with his own costs because the recovery was within the jurisdiction of a justice of the peace. There was no issue in the pleadings or evidence drawing in question the title to lands, and the action was for damages for the breach of a personal covenant. *Norval v. Zinsmaster*, 57 Neb. 158; *Hesser v. Johnson*, 57 Neb. 155.

We are unable to discover reversible error in the record, and recommend that the judgment be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment be

AFFIRMED.

The following opinion on rehearing was filed December 21, 1904. *Former opinion modified:*

1. **Justice of the Peace:** JURISDICTION. A justice of the peace has no jurisdiction of an action to recover damages for a breach of a covenant for quiet enjoyment in a deed conveying real estate, where such breach consists of an eviction by one having a paramount title.

2. **Opinion Modified.** Paragraph four of the syllabus to our former opinion herein, *ante,* p. 300, overruled, and the opinion is modified to conform to the rule above stated.

BARNES, J.

This case is before us on a motion for a rehearing, and, after an examination of the brief in support thereof, we are satisfied that our former opinion, *ante,* p. 300, should be adhered to, except as to the matter of the taxation of costs. On that question an oral argument was ordered, which has been made, and is supplemented by additional briefs. It appears that the plaintiff commenced this action in the district court for Douglas county to recover damages for a breach of the general covenants of warranty contained in a deed conveying real estate. The amount sued for was $5,000, but the recovery was less than $200. The trial court, for that reason, held that the case should have been commenced before a justice of the peace and, under the provisions of section 621 of the code, taxed all of the costs to the plaintiff. A motion to retax was filed, which was overruled, exceptions were taken and the matter properly presented to this court. In our former opinion, we held that a justice of the peace had jurisdiction of the subject of the action, and we are now asked to reverse that holding. We have frequently decided, that a justice has jurisdiction in an action for a breach of covenant against incumbrances, because such covenant is personal; it does not run with the land, and is broken as soon as made. The question of title neither arises nor can it be drawn in question in such a case. *Brass v. Vandecar,* 70

Holmes v. Seaman.

Neb. 35; *Hesser v. Johnson,* 57 Neb. 155; *Campbell v. McClure,* 45 Neb. 608; *Merrill v. Suing,* 66 Neb. 404.

This, however, was an action to recover damages for a breach of covenants for quiet enjoyment, and presents an entirely different question. In order to recover, as was stated in *Merrill v. Suing, supra,* it was necessary for the plaintiff to allege and prove the conveyance with the covenants of warranty, the breach thereof, and that he had been turned out of the possession of the granted premises, or some part thereof, or compelled to yield possession to one having a paramount title. So it is clear, that in this action, from the pleading itself, the question of title to real estate was involved, or at least might have been drawn in question. By section 907 of the code, it is provided:

"Justices shall not have cognizance of any action: *First* —To recover damages for an assault, or assault and battery. *Second*—In any action for malicious prosecution. *Third*—In actions against justices of the peace or other officers for misconduct in office, except in the cases provided for in this title. *Fourth*—In actions for slander, verbal or written. *Fifth*—In actions on contracts for real estate. *Sixth*—In actions in which the title to real estate is sought to be recovered, or may be drawn in question, except actions for tresspass on real estate, which are provided for in this title."

By this statute, the legislature has expressly prohibited justices of the peace from taking jurisdiction of cases like the one at bar. The defendant contends, however, that it is the amount recovered which alone determines the question of jurisdiction. In this counsel are mistaken. It is true, that a justice has jurisdiction where the amount involved is not more than $200 in all actions except those named in the section of the statute above quoted. But in cases which fall within such exceptions, he has no jurisdiction of the subject of the action, no matter what amount is sued for or recovered. In cases where the question of jurisdiction is determined solely by the amount sought to be recovered, it may be well said, that the plaintiff is bound

to know, at least approximately, the amount he is entitled to, or will recover. In such a case, he has the power to chose his own forum, and must do so at his peril. If he sues for more than $200 and recovers less than that sum, having brought his action in the district court, he cannot recover costs. But in an action like the one at bar, where the title to real estate is, or may be, drawn in question, he is not required to anticipate the course which may be pursued by the defendant, but must bring his action in a court which will have jurisdiction, no matter what defense is interposed. The fact that the defendant may not raise the question of title does not, in such cases, determine the question of jurisdiction. If the defendant's contention is correct he could, where such an action is brought before a justice of the peace, raise the question of title and oust the court of jurisdiction, and when sued again in the district court could change his defense, and by reducing the amount of recovery to less than $200 compel the plaintiff to pay the costs necessarily incurred by him in order to redress his wrongs. We are not disposed to establish a rule which will, in effect, subject a plaintiff to the mere sport or whim of his adversary.

We are not aware that this question has been heretofore directly determined by this court, but in other jurisdictions, under statutes similar to ours, it has been held that where from the nature of the case, as disclosed by the plaintiff's pleading, he has reason to believe that the title to real estate will be brought in dispute, the action should be commenced in the district court, and the prevailing party will be entitled to his costs regardless of the amount of his recovery. 11 Cyc. 48; *Gay v. Hults*, 55 Mich. 327, 21 N. W. 357; *Kelly v. Manhattan Beach R. Co.*, 81 N. Y. 233.

We therefore hold that a justice of the peace has no jurisdiction of an action on general covenants of warranty for quiet enjoyment, like the one at bar; that the action was properly commenced in the district court, and plaintiff is entitled to recover his costs.

For the foregoing reasons, the fourth paragraph of the syllabus to our former opinion is overruled, and the opinion itself is modified to conform to the rule announced herein. The order of the district court overruling the motion to retax the costs is reversed and the cause is remanded, with directions to the trial court to retax the costs in accordance with this opinion. In all other things the judgment of the district court is affirmed.

JUDGMENT ACCORDINGLY.