Funke v. Fraas.

---

CARL FUNKE ET AL., APPELLANTS, V. ROBERT J. FRAAS, APPELLEE.

FILED JULY 31, 1924.   No. 22825.

1. **Deeds:** BREACH OF WARRANTY: PLEADING. In an action for damages based upon a breach of the covenants of warranty in

a deed, plaintiff must allege and prove an actual eviction or surrender to a paramount title which was outstanding at the date of the covenant.

2.  Trial: DIRECTION OF VERDICT: FINDINGS. "Where, at the close of the trial of a law action, each party moves for a directed verdict, the motion of one of the parties being sustained. the finding of the court takes the place of a verdict by the jury and will be so treated on appeal." *Modern Woodmen of America v. Berry*, 100 Neb. 820.

3.  Evidence examined, and *held* to sustain the judgment.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Affirmed.*

*Holmes, Chambers & Mann,* for appellants.

*Boehmer & Boehmer, contra.*

Heard before MORRISSEY, C. J., DEAN and GOOD, JJ., BLACKLEDGE and REDICK, District Judges.

DEAN, J.

This action was begun by Carl Funke and Claire Funke Storey, plaintiffs, against Robert J. Fraas, defendant, to recover damages for an alleged breach of the covenants of warranty title in a deed executed by defendant to Lillie H. Funke. At the close of the testimony both parties requested the court to instruct the jury to return a verdict in his favor, whereupon the jury were instructed to return a verdict for defendant. Judgment was rendered thereon and plaintiffs appeal.

The record shows that plaintiffs are the sole heirs at law of Lillie H. Funke, deceased. It also appears that on June 13, 1912, defendant conveyed to Lillie H. Funke an 80-acre tract of land located in Rawlins county. Kansas, the deed of conveyance containing the usual covenants of warranty as to title. It also appears that on March 25, 1917, a decree was entered in the district court for Rawlins county, quieting the title to the land in suit in a man named M. A. Wilson and he went into possession of the land under the decree.

Lillie H. Funke died May 16, 1913. Plaintiffs did not learn that Wilson had obtained a decree quieting the title in the land in himself until sometime in September, 1920, when they filed a motion in the Kansas court to set aside the decree which quieted the title to lands in Wilson. This motion of the plaintiffs was overruled.

Plaintiffs' present action is based upon the theory that they have been dispossessed of the land by a paramount title existing at the time the defendant executed the deed to Lillie H. Funke. Defendant's title was based on a decree foreclosing a mortgage upon the land and a sale thereunder which was confirmed by the court, the defendant becoming the owner thereof by mesne conveyances from the purchaser at the foreclosure sale. The mortgage was executed by Angeline C. Vincent in February 1887. She was then the owner of the land. She later married James S. Tolen and in September, 1888, she and her husband conveyed the land to Mattie J. Goodrich.

It is the claim of plaintiffs that Mattie J. Goodrich was never made a party in the foreclosure action; that her equity of redemption has never been foreclosed and that the decree quieting the title in Wilson is based upon a quitclaim deed obtained from Mattie J. Goodrich, dated October 23, 1916. The decree of foreclosure was rendered June 23, 1890, and the sale confirmed February 11, 1891, the purchaser being Charles B. Wilkinson.

The record is in a very confused condition mainly owing to the fact that the Rawlins county courthouse was destroyed by fire and many of the records pertaining to this case were destroyed. The evidence shows, however, that plaintiffs had failed to pay the taxes for a number of years; that the property had been sold for taxes and that Wilson had become the owner of the tax sale certificate. In his action to quiet title his petition recites that the "plaintiff claims title in said land in fee simple." The petition does not disclose on what facts his claim was founded. It cannot be determined whether the decree quieting his title rested upon his ownership of the Goodrich title.

Mrs. Goodrich testified to the effect that within a year or two after she obtained the deed from Mrs. Vincent, and long before the foreclosure action, she reconveyed the land by deed to Mrs. Vincent, and that at the time she made the quitclaim deed to Wilson, in 1916, she did not claim to have any interest in the land and so informed Wilson at the time. She further testified that she made the deed on the representation of Wilson that it was needed to clear up the title and that it would save him the necessity of a lawsuit.

Without reviewing the testimony in detail, we are convinced that the trial court was fully justified in directing the jury to return a verdict for defendant.

In order to prevail it was incumbent on the plaintiffs to establish by a preponderance of the evidence that they had been ousted by a paramount title existing at the time the deed to them was executed. But they did not do so.

The record shows that for more than a quarter of a century Mattie J. Goodrich neither had nor claimed any interest in the land in suit. So that, at all times after her first conveyance, she had no title or interest in the land which she could convey to any person. "In an action on a warranty deed for a breach of covenants of title and for quiet enjoyment, the plaintiff must allege and prove that he has been turned out of the possession of the granted premises, or some part thereof, or compelled to yield the possession thereof to one having a paramount title." *Merrill v. Suing,* 66 Neb. 404.

As herein noted both parties at the close of the testimony moved for a directed verdict in his favor. In such case the rule is well settled that for the purpose of review the findings of the court on questions of fact will have the same force and effect as the verdict of a jury. *Modern Woodmen of America v. Berry,* 100 Neb. 820.

Reversible error does not appear. The judgment is

AFFIRMED.

Note—See Appeal and Error, 4 C. J. sec. 2872; Covenants, 15 C. J. secs. 198, 210, 218.